OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, and the case remitted to that court for consideration of the facts
 
 (see,
 
 CPL 470.25 [2] [d]; 470.40 [2] [b]) and issues raised by defendant but not considered on the appeal to that court.
 

 The Appellate Division reversed defendant’s conviction on the law for insufficient evidence. However, it erroneously reviewed the evidence pursuant to a standard available only to a trier of fact: whether the circumstantial evidence excluded "to a moral certainty” every reasonable hypothesis of innocence. A court reviewing legal sufficiency of the trial evidence must instead determine whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People
 
 (People v Wong,
 
 81 NY2d 600, 608;
 
 see also, People v Bleakley,
 
 69 NY2d 490, 495). Applying this standard here, we conclude the evidence was sufficient to establish defendant’s guilt of manslaughter in the second degree.
 

 Although the evidence established that on the day seven-week-old Jamila Mallette was fatally injured, her mother (Wynonna Mallette) and defendant, together, were alone with the infant, only defendant was charged with causing the child’s death
 
 (cf., People v Wong,
 
 81 NY2d 600,
 
 supra).
 
 Viewed in the light most favorable to the People, the evidence was sufficient to establish that defendant, rather than Mallette, recklessly caused the child’s death. Medical testimony established that the cause of death was blunt force trauma to the abdomen, injury that was not accidental in nature, and there
 
 *927
 
 was evidence that infliction of that injury occurred in a time frame during which the infant was alone with defendant.
 

 Defendant gave contradictory statements concerning his contact with the infant during that critical time span, and Mallette testified that she did not injure her child in any manner. When she left the infant alone with defendant, who was agitated following an argument with his mother, the baby was in good health. Upon her return, defendant was in ill temper, frustrated by his inability to tend to the baby’s needs, and the child was extremely sleepy — a symptom of shock— with tears in her eyes. Defendant spontaneously denied to Mallette that he had inflicted the bruises that appeared on the baby’s abdomen. When the infant’s condition worsened and she was taken to the hospital, defendant suggested to Mallette that they “get their stories straight” and that she not tell the authorities he had been alone with the child. Moreover, in addition to the fatal injuries suffered by the infant, in the month prior to her death the baby had sustained rib and arm fractures as well as injuries to her legs caused by twisting. These injuries were consistent with battering, negating an inference that the fatal injuries were accidental and supporting a determination that defendant had recklessly caused the infant’s death
 
 (see, People v Henson,
 
 33 NY2d 63, 73-74).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order reversed and case remitted to the Appellate Division, Fourth Department, for further proceedings in accordance with the memorandum herein.