■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LISA HAWKINS-RUSCH, Appellant. [623 NYS2d 465] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting her of criminally negligent homicide as a lesser included offense of depraved indifference murder and intentional and reckless manslaughter. Defendant contends that the circumstantial evidence was insufficient to prove that she killed her 13-month-old adopted daughter; that the court erroneously admitted evidence of prior injuries to the child and failed to give a proper limiting instruction; and that the sentence of 1⅓ to four years is harsh or excessive.

Viewing the evidence in the light most favorable to the People and indulging all reasonable inferences in their favor, we conclude that the jury's verdict is rationally supported by the evidence (see, People v Williams, 84 NY2d 925; People v Wong, 81 NY2d 600, 608; People v Bleakley, 69 NY2d 490, 495). The proof that the baby was in generally good health prior to 4:00 P.M. on September 25, 1992, and fatally injured no later than 4:38 P.M., establishes that the injuries were inflicted in the brief period when defendant was alone with the child (see, People v Williams, supra). The People's experts established that, given the severity of the injuries, they could not have been inflicted prior to 4:00 P.M., and that the symptoms displayed by the child at 4:38 P.M. would have occurred within minutes of the infliction of the injuries. Experts for both the People and defendant testified that the injuries were characteristic of shaken baby syndrome and could not be explained as accidental.

The court did not err in allowing the People to present evidence of the child's prior injuries. Such proof was admissible to prove intent and to negate the defense of accident or mistake (see, People v Williams, supra; People v Henson, 33 NY2d 63; People v Wilcox, 194 AD2d 820, 821). We reject defendant's contention that the court should have given a supplemental instruction further limiting the jury's consideration of that evidence after the jury sought to report a partial verdict acquitting defendant of the higher counts. Defendant did not seek further limiting instructions and thus has failed

to preserve that issue for review *(see,* CPL 470.05 [2]). In any event, the proof of prior injuries remained relevant to refute the defense of accidental injury and establish defendant's criminal negligence *(see, People v Henson, supra,* at 68-69, 71, 73).

We have considered the challenge to the severity of defendant's sentence and conclude that it is without merit. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Criminally Negligent Homicide.) Present—Denman, P. J., Balio, Fallon, Callahan and Davis, JJ.