■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLORENCE MATTISON, Appellant. [641 NYS2d 182] —Mikoll, J. P. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered May 18, 1994, upon a verdict convicting defendant of the crime of assault in the second degree.

On the afternoon of August 30, 1993, a hot day, members of a volunteer rescue squad arrived at the apartment of defendant, the mother of three young daughters, and found that the 22-month-old (hereinafter the child), had sustained scalding burns to areas of her buttocks, vulva, perineal area, right posterior thigh and calf, right foot and abdomen. The burns were of second and third degree. Defendant gave various versions of what occurred including that she had taken the child into the bathroom, pulled down the child's bathing suit around her knees, placed her on the toilet and then left the room for seconds or minutes to find out what her three-year-old daughter was doing. While she was out of the bathroom she heard a scream from the child, and went immediately into the bathroom where she saw the child standing on the floor in front of the sink crying. Hot water was running out of the sink onto the floor and onto the child. Defendant then let out a scream and picked up the child. The sink was four feet from the floor. Defendant gave several differing and inconsistent accounts to various persons of what she observed upon her return to the bathroom, what she did after she left the child alone in the bathroom and in her explanations of how the child came in contact with the scalding water.

Following trial the jury returned a verdict finding defendant guilty of assault in the second degree for recklessly causing serious injury to the child. County Court thereafter sentenced her to 1 1/3 to 5 years' imprisonment.

On appeal defendant primarily argues that her conviction

should be reversed because the evidence was circumstantial and legally insufficient to sustain both the indictment and the jury's verdict finding her guilty. We disagree. The judgment of conviction should be affirmed.

In reviewing the legal sufficiency of the circumstantial evidence, this Court does not do so "pursuant to a standard available only to a trier of fact: whether the circumstantial evidence excluded 'to a moral certainty' every reasonable hypothesis of innocence" (*People v Williams*, 84 NY2d 925, 926). Rather, this Court "must instead determine whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People" (*supra*, at 926).

Applying this standard to the proof in this case, it is abundantly clear that a valid line of reasoning and permissible inferences could lead a rational person to the conclusion that defendant is guilty of the crime charged on the basis of the trial evidence and viewed in the light most favorable to the People. The evidence from defendant's own mouth and other witnesses established that defendant was the only person having access to the child at the time she was scalded with the hot water. Based on the physical evidence, the medical records, the testimony of the examining doctor, the medical expert testimony of Barbara Wolfe, defendant's testimony and statements, and the testimony of others, it was conclusively established that the scalding burns did not occur accidentally but were inflicted on the child by another person, who could only be defendant. Wolfe testified that the scalding water burns were not suffered accidentally but were inflicted on the child and were not consistent with the explanations given by defendant. Further, defendant's misleading, inconsistent and false accounts and explanations are some evidence of a consciousness of guilt. Additionally, Investigator Terry Allen's testimony as to the position of the bathroom sink and the inability of the child to climb up into it, turn on the hot water and cause the burns to her body further supported the jury's verdict. There was sufficient proof of defendant's guilt of each and every element of the crime charged beyond a reasonable doubt. We find no reason to disturb the jury's verdict (*see, People v Williams*, 84 NY2d 925, *supra; People v Hawkins-Rusch*, 212 AD2d 961, *lv denied* 85 NY2d 910).

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.