■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT COLBERT, Appellant. [734 NYS2d 779] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of assault in the second degree (Penal Law § 120.05 [9]) and endangering the welfare of a child (Penal Law § 260.10 [1]) in connection with injuries inflicted on his 10-month-old son. Contrary to defendant's contention, the verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). The child's mother testified at trial that the child was fine when he went to bed and that he slept through the night and was still asleep when she left him alone in the house with defendant the next morning. The People's medical expert testified that both the extensive petechiae on the child's face, which resulted from broken capillaries, and the bruises on the child's neck were caused by strangulation or suffocation. He further testified that each of the three injuries in the child's mouth occurred within the same time frame as the other injuries in the mouth and the bruises on the neck. Also contrary to defendant's contention, the conviction is supported by legally sufficient evidence. The evidence, when "[v]iewed in the light most favorable to the People * * * was sufficient to establish that defendant, rather than .[the child's mother] * * * caused the child's [injuries]" (People v Williams, 84 NY2d 925, 926).

County Court properly denied defendant's motion to set aside the verdict based on newly discovered evidence (see, CPL 330.30 [3]). In support of that motion, defendant presented the testimony of his trial counsel and his sister that, on April 12, 2000, the child's mother told those witnesses that it was she who had injured the child. The attorney for the child's mother on an unrelated matter testified for the People, however, that when he and the child's mother met with an Assistant District Attorney on April 11, 2000, the child's mother was informed that she had transactional immunity with respect to the injuries sustained by her son. In addition, the child's mother testified that she was not admitting culpability, but that defendant asked her to "take the blame" for the child's injuries to prevent defendant from going to jail. The court determined that there was no real probability that the "recantations" of the child's mother were true and that determination will not be disturbed here. Finally, we conclude that the determinate term of incarceration of five years imposed on the assault count is neither unduly harsh nor severe. (Appeal from Judgment of Wayne County Court, Sirkin, J.—Assault, 2nd Degree.) Present—Wisner, J. P., Hurlbutt, Kehoe and Burns, JJ.