■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIEN D. MAZYCK, Appellant. [770 NYS2d 656]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered November 14, 2001, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Williams,* 84 NY2d 925 [1994]; *People v Hawkins-Rusch,* 212 AD2d 961 [1995]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Since the evidence of the defendant's guilt was not entirely circumstantial (*see People v Guidice,* 83 NY2d 630, 636 [1994]; *People v Rumble,* 45 NY2d 879 [1978]), the trial court properly refused to give a circumstantial evidence charge (*see People v Guidice, supra* at 636; *People v Daddona,* 81 NY2d 990, 992 [1993]).

Contrary to the defendant's contention, the prosecutor did not advocate a position that she knew to be false (*cf. People v Pelchat,* 62 NY2d 97 [1984]). Moreover, the defendant's contention that the prosecutor breached her duty to correct testimony that she knew to be mistaken or false (*see People v Steadman,* 82 NY2d 1 [1993]; *People v Savvides,* 1 NY2d 554, 556 [1956]) is unpreserved for appellate review (*see* CPL 470.05 [2]), and in any event, is without merit.

The defendant's remaining contentions either are unpreserved for appellate review (*see* CPL 470.05 [2]), or without merit. Altman, J.P., Krausman, Adams and Townes, JJ., concur.