■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANOJ MADHO, Appellant. [802 NYS2d 372]—Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Starkey, J.), rendered January 8, 2003, convicting him of burglary in the second degree, criminal possession of a weapon in the fourth degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and (2) a judgment of same court (Mangano, Jr., J.), rendered September 29, 2003, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's contention that the evidence regarding burglary in the second degree, criminal possession of a weapon in the fourth degree, and criminal possession of a controlled substance in the seventh degree was legally insufficient to prove his guilt because it was incredible as a matter of law is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]). In any event, viewing the evidence of burglary in the second degree, criminal possession of a weapon in the fourth degree, and criminal possession of a controlled substance in the seventh degree in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we

find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions are without merit or have been rendered academic in light of our determination. S. Miller, J.P., Krausman, Rivera and Covello, JJ., concur.