■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK LIVINGSTON, Appellant. [810 NYS2d 368]—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered April 5, 2001, convicting him of burglary in the second degree, grand larceny in the third degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see *People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt (see *People v Madho,* 22 AD3d 767 [2005]; *People v Martinez,* 17 AD3d 606 [2005]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (see CPL 470.15 [5]).

The defendant's contention that the trial court erred in failing to instruct the jury on circumstantial evidence is unpreserved for appellate review as he never requested such an instruction at trial (see CPL 470.05; *People v Autry,* 75 NY2d 836, 839 [1990]). In any event, since the evidence of the defendant's guilt was not entirely circumstantial, the trial court did not err in failing to give a circumstantial evidence charge (see *People v Guidice,* 83 NY2d 630, 636 [1994]; *People v Mazyck,* 3 AD3d 583 [2004]; *People v Johnson,* 293 AD2d 489 [2002]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.