■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL STOKES, Appellant. [813 NYS2d 616]—

Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered September 17, 2004. The judgment convicted defendant, after a nonjury trial, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of manslaughter in the first degree (Penal Law § 125.20 [4]). We reject defendant's contention that the evidence is not legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is 'whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People' " (*People v Hines*, 97 NY2d 56, 62 [2001], *rearg denied* 97 NY2d 678 [2001], quoting *People v Williams*, 84 NY2d 925, 926 [1994]). Here, the People met their burden of proving defendant's guilt in this circumstantial evidence case. The People presented evidence establishing that the victim, the 14-month-old son of defendant's girlfriend, was subjected to severe and massive injuries that included internal hemorrhaging, a complete transection of the pancreas, brain swelling and a multitude of bruises and hematomas. The People further presented evidence establishing that the victim bled to death internally as a result of blunt force trauma and that the injuries occurred while defendant was alone with the child. We thus conclude that the People met their burden of establishing

that defendant recklessly engaged in conduct that created a grave risk of death to the victim and caused the victim's death (*see* Penal Law § 10.00 [10]; § 15.05 [3]; § 125.20 [4]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Pine, JJ.