# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1229**
**KA 12-02178**
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TRAVIS MARTIN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered October 18, 2012. The judgment convicted defendant, upon a nonjury verdict, of criminal trespass in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of criminal trespass in the second degree (Penal Law § 140.15 [1]), defendant contends that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence based on his assertion that he had permission to enter the victim's apartment. We reject those contentions. Viewing the evidence in the light most favorable to the People (*see People v Williams*, 84 NY2d 925, 926), we conclude that it is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). The victim and her daughter both testified that defendant and the victim had broken up several weeks prior to the incident and that defendant did not have permission to enter the apartment on the date at issue. Further, viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Although a different verdict would not have been unreasonable (*see Danielson*, 9 NY3d at 348), we conclude that, "[b]ased on the weight of the credible evidence, [Supreme C]ourt . . . was justified in finding the defendant guilty beyond a reasonable doubt" (*id.; see People v Romero*, 7 NY3d 633, 642-643). " 'Great deference is to be accorded to the [factfinder]'s resolution of credibility issues based upon its superior vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony' " (*People v Gritzke*, 292 AD2d

805, 805-806, *lv denied* 98 NY2d 697), and we perceive no reason to disturb the court's credibility determinations.

Entered:  November 21, 2014

Frances E. Cafarell
Clerk of the Court