People v Moore (2021 NY Slip Op 50710(U))

[*1]

People v Moore (Kleo)

2021 NY Slip Op 50710(U) [72 Misc 3d 134(A)]

Decided on July 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, HELEN
VOUTSINAS, JJ

2019-1648 S CR

The People of the State of New York,
Respondent, 
against
Kleo Moore, Appellant. 

Suffolk County Legal Aid Society (Amanda E. Schaefer of counsel), for appellant.
Suffolk County District Attorney (Elena Tomaro and Marion Tang of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Riverhead, Suffolk County
(Allen M. Smith, J.), rendered September 25, 2019. The judgment convicted defendant, after a
nonjury trial, of assault in the third degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial, defendant was convicted of assault in the third degree (Penal Law
§ 120.00 [1]), and sentence was imposed.
Viewing the evidence in a light most favorable to the prosecution (see People v
Contes, 60 NY2d 620, 621 [1983]), we find that there is a valid line of reasoning and
permissible inferences from which a rational person could have found the elements of the crime
of assault in the third degree proven beyond a reasonable doubt (see People v Danielson,
9 NY3d 342, 349 [2007]; People v Williams, 84 NY2d 925, 926 [1994]). The element of
physical injury (see Penal Law § 120.00 [1]) was established by evidence that the
complainant experienced substantial pain (see Penal Law § 10.00 [9]) when
defendant pulled her hair, including the follicles, from her head during the altercation. Further,
upon the exercise of our factual review power, we are satisfied that the guilty verdict was not
against the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9
NY3d 342; People v Romero, 7 NY3d 633 [2006]).
We find defendant's remaining contention, that the sentence was harsh and excessive, to be
without merit.
Accordingly, the judgment of conviction is affirmed.
EMERSON, J.P., GARGUILO and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 22, 2021