■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR MARTINEZ, Appellant. [614 NYS2d 787] —Cardona, P. J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered March 17, 1993, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree (two counts)

and criminal possession of a controlled substance in the seventh degree.

The facts are derived from the arresting officer's testimony at the suppression hearing which County Court found to be credible.* On May 25, 1992, at approximately 4:00 P.M., Detective Thomas O'Connor of the Village of Monticello Police Department was informed of an anonymous telephone call received by the Sullivan County Sheriff's Department that two Hispanic males named Oscar Rodriquez and Leonardo Torrez were coming from New York City on the bus to Monticello with drugs and guns. The following day, May 26, 1992, at around 9:20 or 10:20 A.M., O'Connor was at the bus terminal when the first bus from New York City arrived. When no Hispanic got off the bus, O'Connor went back to the police station. A second anonymous call came into the Monticello Police Department before 12:00 P.M. stating that the people were still coming up from New York City on the bus. O'Connor went back to the bus terminal and waited for the second bus from New York City, which arrived at approximately 12:10 P.M. O'Connor observed defendant, an Hispanic male, exit from the bus carrying a white plastic bag. Defendant walked past the front door where O'Connor was standing and sat down on a bench in front of the terminal. An unmarked police car equipped with a spotlight and red grill lights pulled up. Defendant got up carrying the plastic bag and walked hurriedly into the terminal and then into the men's bathroom with O'Connor following right behind him. Defendant walked toward a stall and placed the white plastic bag outside the stall on the door frame entering the stall for a few seconds. When he exited the stall, O'Connor immediately asked him if the bag was his. Defendant denied it. O'Connor asked him a second time if the bag was his and defendant again denied it. After those denials, O'Connor proceeded to ask defendant if his name was Oscar Rodriquez. Defendant replied that his name was Oscar Martinez. O'Connor asked him for identification and he produced identification that said his name was Oscar Rodriquez Martinez. O'Connor then asked defendant again if the bag was his because he (O'Connor) had seen defendant carrying it, and defendant responded that he had

---

* Since the record does not support a finding that the arresting officer's testimony at the hearing was inherently improbable or incredible, we have no basis to disturb County Court's resolution of the credibility issues presented by the conflicting versions of what occurred during defendant's encounter with the police (see, People v Carrington, 174 AD2d 572, 573, lv denied 78 NY2d 1010).

just found it laying there. At that point, another detective working with O'Connor entered the bathroom. O'Connor picked up the bag and examined its contents discovering a cellophane bag containing a white powder, later found to be cocaine, a scale and a calculator. Defendant was placed under arrest and taken to the police station where he was searched. From his person, the police recovered a pack of heroin and a razor blade with residue.

Following a suppression hearing, County Court found that probable cause for the search and seizure had not been demonstrated, since the nature of defendant's conduct as observed by the police was insufficient to establish the reliability of the anonymous informant and the reliability of the information imparted. County Court, nevertheless, upheld the search and seizure, finding that defendant had abandoned the plastic bag, and denied defendant's motion to suppress its contents. Thereafter, defendant entered pleas of guilty to two counts of criminal possession of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the seventh degree. Defendant was sentenced as a second felony offender to an indeterminate prison term of 9 to 18 years upon each conviction of criminal possession of a controlled substance in the third degree and one year on his conviction of criminal possession of a controlled substance in the seventh degree, all sentences to run concurrently. Defendant appeals.

Initially, we note our agreement with County Court's determination that the anonymous tip along with defendant's conduct did not amount to probable cause for the search and seizure *(see, People v Elwell,* 50 NY2d 231). However, the recovery of property discarded by a defendant will be upheld if the defendant's conduct amounts to a valid abandonment *(see, People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969; *People v Braithwaite,* 172 AD2d 548, *lv denied* 78 NY2d 920). An abandonment occurs when the act of discarding property is an independent act involving a calculated risk, as opposed to a spontaneous reaction to a sudden and unexpected confrontation with the police *(see, People v Wilkerson,* 64 NY2d 749; *People v Boodle, supra,* at 402-404). On this record, we cannot say that defendant's equivocal act of setting the bag down just outside the stall he was entering was, by itself, an attempt to discard it, especially since O'Connor was unsure whether defendant left the door half open when he entered the stall. Thus, if an abandonment occurred in this case, it can only be found to have occurred upon defendant's disclaim-

ers of ownership which were made in direct response to O'Connor's inquiry. Therefore, O'Connor's recovery of the incriminating evidence in this case depends upon the propriety of his initial encounter with defendant.

We find that defendant's conduct, while not indicative of criminality, was sufficient, when coupled with the anonymous tip, to provide O'Connor with an objective credible reason to approach him to request information concerning his identity and where he was coming from (see, People v Hollman, 79 NY2d 181, 190; People v De Bour, 40 NY2d 210, 223; People v Hanson, 195 AD2d 408, 410). Based upon the very limited information that O'Connor had at that stage, there was nothing unusual about a person carrying a white plastic bag at a bus terminal, even if that person happened to be Hispanic, which provided a predicate for O'Connor to initially inquire into its ownership. The questions concerning ownership of the bag exceeded a request for information. The inquiry was significantly more intrusive because it immediately focused upon defendant's possible criminality. Thus, the initial encounter started out as a common-law inquiry which, on the record before us, was unsupported by a founded suspicion that criminality was afoot (see, People v Hollman, supra, at 191-192). Under these circumstances, we find that defendant's disclaimers of ownership were the product of an improper police encounter and, therefore, the evidence recovered from the bag and defendant's person should have been suppressed. Accordingly, we reverse the judgment of conviction and grant defendant's motion to suppress.

Mercure, Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, motion to suppress granted and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.