■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARON VENKATESAN, Appellant. [743 NYS2d 615] —Lahtinen, J. Appeals (1) from a judgment of the County Court of Broome County (Smith, J.), rendered April 6, 1998, upon a verdict

convicting defendant of the crime of arson in the third degree, and (2) by permission, from an order of said court, entered December 20, 1999, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On September 11, 1996, a fire damaged defendant's home in the Town of Union, Broome County. She submitted an insurance claim asserting that personal property worth $71,000 had been destroyed in the fire. An investigation of the incident concluded that the fire had not started accidentally in the kitchen as claimed by defendant, but it had been intentionally set in two separate locations, i.e., on a hallway floor and on items that defendant had stacked in the living room. Defendant was indicted in July 1997 for the crime of arson in the third degree and, following a jury trial, was found guilty of the charged crime. Her motion to set aside the verdict upon the ground that the evidence was legally insufficient was denied, and she was sentenced to an indeterminate term of imprisonment of 2½ to 7½ years. Defendant's subsequent motion to vacate the judgment of conviction pursuant to CPL article 440 was denied without a hearing. These appeals ensued.

Defendant argues that the People's case, which was based upon circumstantial evidence, was legally insufficient to satisfy the applicable moral certainty standard. However, appellate review of the legal sufficiency of the evidence is the same for circumstantial and noncircumstantial cases (*see, People v Grassi*, 92 NY2d 695, 697). This Court determines "whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People" (*People v Williams*, 84 NY2d 925, 926).

Here, defendant initially claimed that the fire started in the kitchen while she was resting in another room. The first firefighters on the scene, however, testified that they discovered a fire in the living room and not in the kitchen. Two separate fire investigations revealed that the physical evidence at the scene was not consistent with a fire starting in the kitchen. The investigators testified that the physical evidence demonstrated that the fire had points of origin in a hallway and in the living room where much of defendant's property had been placed, purportedly for an impending move. Although defendant's 17-year-old son claimed at trial that he had started the fire by throwing a burning oven mitt into the living room, he had given a previous statement to investigators that was inconsistent with his trial testimony.

The evidence at trial regarding a potential motive established that a bank was foreclosing a mortgage that it held on defendant's home. Defendant had purchased a personal property insurance policy on August 7, 1996, one week after being served with an eviction notice and a little more than a month before the fire. The policy provided for coverage of $65,000 and she claimed that she lost property worth $71,000 in the fire; however, in a 1994 bankruptcy filing, defendant indicated that her total personal property valued only $750. We conclude that valid reasoning and permissible inferences could have led a rational trier of fact to conclude that defendant was guilty of arson in the third degree.

Defendant next contends that the 10-month period from the fire to the indictment constituted an unjustifiable delay that deprived her of due process (see, People v Lesiuk, 81 NY2d 485, 490). Relevant factors when assessing an allegedly unjustifiable delay include the length of the delay, the reason for the delay, the underlying charges, whether defendant was incarcerated and whether the delay prejudiced the defense (see, People v Townsend, 270 AD2d 720). The 10-month delay in the current case was caused, in part, by investigations into the fire and into defendant's financial background. Information from the investigations was necessary to develop the circumstantial evidence supporting the serious charge brought against defendant. Defendant was not incarcerated during the delay. She claims that she was prejudiced by the sale of her house in November 1996 since such sale negated any possible investigation by an expert on her behalf. The sale, however, was the result of a bank foreclosure and not any action by the People. Furthermore, by the time of trial, defendant ostensibly agreed with the People that the fire had a point of origin in the living room, as evidenced by the testimony of defendant's son that he threw a burning oven mitt into the living room. We are not persuaded that the delay constituted a denial of due process (see, People v Allah, 264 AD2d 902; People v Mangan, 258 AD2d 819, lv denied 93 NY2d 927).

Next, we find meritless defendant's argument that she was denied the effective assistance of counsel because her attorney failed to retain an expert. As previously stated, the testimony of her son was consistent with the People's experts regarding a point of origin of the fire in the living room. There is no proof indicating a significant likelihood that an additional expert would have reached an opinion substantially inconsistent with the People's experts (see, Matter of Bates v Bates, 290 AD2d 732, 734). Moreover, defendant's attorney conducted searching

and probative cross-examinations of the experts (*see, id.*). Defendant's argument that her attorney erred in not making a pretrial motion to dismiss based upon the delay in prosecution lacks merit because, as decided herein, such delay did not deprive defendant of due process. Defendant's further complaints regarding her attorney's conduct fail to establish that he did not provide meaningful representation (*see, People v Baldi*, 54 NY2d 137; *People v Curry*, 294 AD2d 608).

Finally the purportedly newly discovered evidence, which consisted of a third version of events proffered by defendant's teenage son, does not support vacating the judgment (*see, People v Richards*, 266 AD2d 714, *lv denied* 94 NY2d 924), nor does the hearsay assertion that one witness allegedly stated that he was coerced to testify. Defendant's remaining assertions have been reviewed and are without merit.

Cardona, P.J., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment and order are affirmed, and matter remitted to the County Court of Broome County for further proceedings pursuant to CPL 460.50 (5).