■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORIO VIROLA, Appellant. [752 NYS2d 439] —Cardona, P.J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered October 4, 1999, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and resisting arrest.

On May 31, 1999, at approximately 9:30 P.M. in the City of Binghamton, Broome County, three police officers were patrolling the streets in a marked police car when Officer William Martino observed defendant ride his bicycle off the sidewalk and directly in front of the patrol car. Martino had difficulty passing him; eventually, however, he was able to drive around defendant and one of the officers told defendant to pull onto the curb. The officers approached defendant and began to speak to him while Martino shined a light at defendant's face. Martino, who knew defendant and never previously observed any speech difficulties, noticed "an impediment to his voice" and saw a shiny, white, plastic mass in defendant's mouth which Martino, based on his experience, believed to be cocaine. After the officers asked defendant what was in his mouth, he started to back away and the officers grabbed him and placed him under arrest. The officers told defendant to spit out what was in his mouth. A backup police officer who arrived at the scene used pepper spray on defendant's face and defendant spit out a small plastic bag. Martino told him to spit the rest out. Defendant complied and 15 small plastic bags of the white substance were recovered. Laboratory tests revealed the contents of the bags to be cocaine. The officers also seized $331 from defendant.

Following this arrest, an indictment charged defendant with criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and resisting arrest. Defendant moved to, inter alia, suppress the drugs and money, claiming that the police officers did not have probable cause to search or arrest him. That motion was denied after a hearing and, following a jury

trial, defendant was convicted of all charges. Defendant's CPL 330.30 (1) motion seeking to set aside the verdict was also denied after a hearing. Defendant was sentenced as a second felony offender to concurrent terms of imprisonment of 4½ to 9 years for criminal possession of a controlled substance in the third degree, 2 to 4 years for criminal possession of a controlled substance in the fifth degree, and one year for resisting arrest.

Initially, we do not agree with defendant's contention that County Court erred in denying his pretrial suppression motion. Defendant does not contest either the stop or the initial questioning of him by police, but maintains that the police did not have probable cause to arrest him. "Probable cause is a synthesis of all the information known to a police officer, including what he * * * has seen, learned and heard as a trained officer" (*People v Belo*, 240 AD2d 964, 965, *lv denied* 91 NY2d 869 [citations omitted]). At the suppression hearing, Martino testified that he was involved in hundreds of narcotics-related arrests and had worked for the Binghamton Police Department's Special Investigations Unit, dealing almost exclusively with drug investigations. He stated that packaging cocaine in small, plastic bags and storing it for sale in the mouth is common among cocaine dealers. Furthermore, defendant was validly stopped for a Vehicle and Traffic Law offense which was also in an area known for narcotics trafficking. After the officers tried to question defendant, his impeded speech and their observation of something white and shiny in his mouth gave them probable cause for the arrest and, therefore, the subsequent search of his person incident to that arrest was proper (*see id.* at 965; *see also People v Nichols*, 277 AD2d 715; *People v Highsmith*, 259 AD2d 1006, *lv denied* 93 NY2d 925).

We are also unpersuaded by defendant's contention that County Court erred when it denied his postverdict motion for a new trial because the prosecution failed to provide a report concerning the police handling of evidence in violation of *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866). Specifically, the report was a computer generated document containing information from, inter alia, the property tag which was admitted into evidence and the "receipt evidence submission form," which was provided to defendant. Inasmuch as defendant, who was made aware of the existence of the document at trial, raised the *Rosario* objection for the first time in the context of his CPL 330.30 (1) motion, the issue was not preserved for appellate review (*see People v Feerick*, 93 NY2d 433, 452; *People v Rogelio*, 79 NY2d 843, 844). In any event, since it appears that

the document was a summary of other documents already in evidence and/or in defendant's possession, no *Rosario* violation was demonstrated (*see People v Consolazio*, 40 NY2d 446, 454; *People v Woodside*, 204 AD2d 168, 169, *lv denied* 84 NY2d 873).

Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.