■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND S. HURTEAU, Appellant. [797 NYS2d 618]—

Spain, J. Appeal from a judgment of the County Court of Fulton County (Giardino, J.), rendered March 2, 2004, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

During the course of a police investigation of suspected clandestine methamphetamine laboratories, two State Police investigators drove by the residence of Joseph Horan, an individual under suspicion, in the Town of Caroga, Fulton County, and observed two men—later identified at trial as Joseph Horan and defendant—standing in the driveway where a Dodge Shadow was parked. The investigators noted a strong chemical odor emanating from the area. Several hours later, the investigators returned with a search warrant and found only Horan's girlfriend at home, who told them that Horan and defendant had left in her vehicle, the Dodge Shadow. The search of the property produced approximately 50 firearms, a methamphetamine laboratory and a large quantity of methamphetamine, its byproducts and its ingredients. Information about the vehicle and its occupants and the warning—due to the significant supply of weapons discovered in the residence—that the occupants were to be considered armed and dangerous was then radioed to State Police vehicles.

Thereafter, a State Trooper and his partner spotted the Shadow and, after calling for back-up and a road-block, pulled it over. The Trooper approached the vehicle with his gun drawn. After he saw that defendant was the only occupant, he holstered his gun, guided defendant out of the vehicle and handcuffed him. Within a minute, however, the Trooper was able to establish that defendant was not armed and removed the handcuffs. Another officer then asked defendant if he would accompany them back to the police barracks in the Village of Fonda, Montgomery County. Defendant consented and rode, unrestrained, in the back of an unmarked state police vehicle. During the approximately 20-minute drive to Fonda, defendant was given *Miranda* warnings, but was not questioned and did not engage in any conversation pertaining to the suspected criminal activity. Once they arrived at the barracks, the State Police interviewed defendant, after again reading him his rights. De-

fendant then explained that he was assisting Horan in producing methamphetamine, both for their personal use and as part of a plan to sell a large quantity of the drug to raise bail money for a friend of Horan, and defendant executed a signed confession to that effect.

Defendant and Horan were subsequently charged in a joint indictment with criminal possession of a controlled substance in the second degree and third degree. After a *Huntley* hearing, County Court denied defendant's motion to suppress his statement as the product of an illegal arrest, finding that the police had probable cause to effect his arrest, that defendant waived his *Miranda* rights and that his statement was voluntarily given. After a trial at which Horan testified against defendant, defendant was convicted of criminal possession of a controlled substance in the third degree and sentenced to 6 to 18 years in prison. Defendant appeals, and we now affirm.

First, we reject defendant's argument that County Court erred by refusing to suppress his statement as the product of an arrest made without probable cause because we conclude that the discovery of the methamphetamine laboratory and arsenal of weapons, along with the information obtained from Horan's girlfriend, gave the police probable cause to arrest defendant (*see People v Bell*, 5 AD3d 858, 859-860 [2004]; *People v Terry*, 2 AD3d 977, 978-979 [2003], *lv denied* 2 NY3d 746 [2004]). Also, because nothing in the record suggests that defendant's confession was otherwise involuntary (*see People v Hardy*, 223 AD2d 839, 840 [1996]), we conclude that the court properly denied defendant's motion to suppress.

Next, we reject defendant's contention that the evidence was not legally sufficient to demonstrate that he knowingly and unlawfully possessed at least one-eighth ounce of methamphetamine with the intent to sell it (*see* Penal Law § 220.16 [7]). "Legally sufficient evidence is present when the proof, viewed most favorably to the People, provides a basis for a rational juror to find beyond a reasonable doubt that defendant committed each element of the charged crime" (*People v Bertone* 16 AD3d 710, 711 [2005] [citations omitted]). Here, defendant's confession to producing methamphetamine with the intent to sell it was corroborated by the testimony of police investigators who discovered the methamphetamine laboratory, including the drug's ingredients, by-products and the drug itself in and around the residence where defendant admitted to producing the drug. In addition, Horan testified that defendant intended to travel to Texas to sell the methamphetamine that the two men were producing. We find this evidence more than sufficient

to establish defendant's criminal possession of a controlled substance in the third degree. Further, inasmuch as defendant did not offer any conflicting evidence at trial, no basis exists to support his contention that the verdict was against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Morey*, 304 AD2d 855, 856 [2003], *lv denied* 100 NY2d 564 [2003]; *People v Harris*, 274 AD2d 837, 840 [2000], *lv denied* 95 NY2d 935 [2000]).

Defendant also argues that the verdict must be set aside because his acquittal on the charge of criminal possession of a controlled substance in the second degree renders his conviction on the charge of criminal possession of a controlled substance in the third degree inconsistent and repugnant. The applicable standard for determining whether a verdict is fundamentally inconsistent is whether the defendant "is convicted of an offense containing an essential element that the jury has found the defendant did not commit" (*People v Trappier*, 87 NY2d 55, 58 [1995]; *see People v Mendoza*, 300 AD2d 824, 824 [2002], *lv denied* 99 NY2d 617 [2003]). Here, the crime of which defendant was acquitted—criminal possession of a controlled substance in the second degree—requires a finding that defendant knowingly possessed two ounces or more of methamphetamine and/or its components (*see* Penal Law § 220.18 [2]), whereas the less serious offense of which he was convicted— criminal possession of a controlled substance in the third degree—only requires a finding that he knowingly possessed one eighth of an ounce of such substances, but with the intent to sell it (*see* Penal Law § 220.16 [7]). Thus, the verdict is not necessarily inconsistent because a rational juror could have concluded that the proof was insufficient to demonstrate that defendant possessed, or knew that he possessed, the greater amount (*see People v Rayam*, 94 NY2d 557, 561-563 [2000]).

We have considered defendant's remaining arguments, including his contention that the sentence imposed was harsh and excessive, and find them unpersuasive.

Peters, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.