■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD B. JOHNSON, Appellant. [798 NYS2d 761]—

Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 14, 2004, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.

In satisfaction of a charge of criminal possession of a controlled substance in the third degree, defendant pleaded guilty

to attempted criminal possession of a controlled substance in the third degree and County Court agreed to sentence him as a youthful offender to four months in jail and five years' probation. Two weeks prior to the scheduled sentencing date, defendant completed service of the equivalent of the proposed four-month jail term and County Court released him on his own recognizance after he expressly agreed that if he failed to appear for sentencing, or was charged with committing another crime in the interim, he would be sentenced as an adult to a potential prison term of 5 to 15 years. Defendant thereafter failed to appear for sentencing due to his arrest on charges of robbery in the first and second degrees in Kings County. He ultimately pleaded guilty to robbery in the third degree in satisfaction of those charges and was returned to Broome County. County Court then found that his arrest and guilty plea in Kings County constituted a violation of the conditions imposed upon his release and sentenced him to 5 to 15 years in prison.

On his appeal, defendant makes only two arguments. First, he contends that County Court improperly refused to conduct a hearing as to his claim of innocence of the Kings County charges. We disagree. Inasmuch as defendant pleaded guilty to the intervening Kings County charges and advised County Court that he had no intention of moving to withdraw that guilty plea, there was no issue of fact requiring an evidentiary hearing as to whether he had violated the conditions of his release (*see People v Coleman*, 270 AD2d 713, 714 [2000]). Second, defendant argues that the sentence imposed was harsh and excessive. Despite defendant's lack of a prior criminal history, we find neither an abuse of discretion nor extraordinary circumstances warranting our intervention given his awareness of the consequences for violating the release conditions imposed and his undisturbed plea of guilty to a felony committed while on release (*see People v Peguero*, 7 AD3d 925, 925-926 [2004], *lv denied* 3 NY3d 661 [2004]; *People v Gay*, 305 AD2d 856, 856 [2003], *lv denied* 100 NY2d 620 [2003]; *People v Diaz*, 264 AD2d 879, 880 [1999], *lv denied* 94 NY2d 879 [2000]).

Cardona, P.J., Mercure, Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.