■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAQUAWAN WILLIAMS, Appellant. [807 NYS2d 470]—

Spain, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered October 28, 2004 in Albany County, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

On September 13, 2003, defendant was arrested and charged with criminal possession of a controlled substance in the third and fourth degrees and resisting arrest based on an incident in the City of Albany in which he was discovered by police to be in possession of crack cocaine. Defendant moved to have the grand jury minutes inspected, to dismiss the indictment and to suppress the evidence seized, contending that it had been illegally taken during a forceful cavity search of his body. County Court (Herrick, J.) denied the motion to dismiss the indictment, finding that the evidence before the grand jury was legally sufficient to establish the offenses charged and held a suppression hearing at which an Albany police officer and defendant testified.

The police officer testified that he observed defendant, in an area known for high drug activity, circling the block in a vehicle and, later on, flagging vehicles down and standing in front of a grocery store where he was approached by known drug users. After leaving to respond to a police call, the officer received a citizen's tip that an individual meeting defendant's description was selling drugs in front of the same grocery store. The officer returned to the store and observed a hand to hand exchange between defendant and another individual. The police officer then called another police officer to assist him in approaching and questioning defendant. Defendant told the officers that he had arrived at the store on foot, although he had been observed earlier in a vehicle. Defendant consented to a search, but then resisted, backing away while reaching down the back of his

pants. Observing this, one of the officers tried to grab defendant's hands, and a struggle ensued—during which defendant repeatedly kicked the officer—which propelled them both to the hood of the police car and then to the ground. Eventually, both officers were able to handcuff defendant and shackle his feet. During the altercation defendant's baggy pants fell part way down, exposing a plastic bag protruding from the back of his pants. Believing that the bag had previously been concealed in defendant's rectum, the officer who testified put on latex gloves and removed the bag, which was found to contain 19 pieces of crack cocaine.

In contrast, defendant testified that one of the police officers pushed him to the ground, handcuffed and shackled him and then pulled down his pants and subjected him to a forceful cavity search on the street. Crediting the police officer's account, County Court found that the police had probable cause to arrest defendant and that the evidence was properly seized pursuant to a lawful arrest.

Defendant ultimately pleaded guilty to criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree in full satisfaction of the indictment, expressly reserving his right to appeal, and he was sentenced to negotiated concurrent prison terms of 5 to 10 years on each charge. On defendant's appeal, we affirm.

Contrary to defendant's primary argument on appeal, we discern no error in County Court's denial of his motion to suppress the evidence seized from him at the time of his arrest. "It is well settled that great weight is accorded the trial court's determination at a suppression hearing and, absent a basis in the record for finding that the court's resolution of credibility issues was clearly erroneous, its determinations are generally not disturbed" (*People v Burgess*, 241 AD2d 765, 767 [1997], *lv denied* 91 NY2d 870 [1997] [citations omitted]). Probable cause exists when there is "information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed" (*People v McRay*, 51 NY2d 594, 602 [1980]; *see People v Chaney*, 253 AD2d 562, 564 [1998]).

On this record, sufficient evidence exists to support County Court's conclusion that the officers had probable cause to arrest defendant and that the seizure was an appropriate incident to that arrest (*see People v Virola*, 300 AD2d 822, 823 [2002], *lv denied* 99 NY2d 633 [2003]). Given the arresting officer's experience in drug investigations and his observations of defendant's

suspicious conduct, even without the citizen tip, the police had sufficient grounds to stop and question defendant (*see People v De Bour*, 40 NY2d 210, 220 [1976]). When, during the questioning and after consenting to a search, defendant attempted to flee and reached into his pants, the officers—having no knowledge as to what defendant was reaching for—acted reasonably and lawfully in attempting to stop him (*see id.* at 223; *People v Winchester*, 14 AD3d 939, 940-941 [2005], *lv denied* 5 NY3d 796 [2005]). Thereafter, discovery of the cocaine—which was at that point in plain view—clearly gave the officers probable cause to make an arrest (*see People v Schwing*, 14 AD3d 867, 868 [2005]; *People v Sparks*, 13 AD3d 813, 815 [2004], *lv denied* 4 NY3d 836 [2005]). Defendant's contention that the seizure of the cocaine was unlawful is based solely on his version of the events, which County Court did not credit. Upon review of the record, we find the officer's testimony to be sufficiently consistent and see "no basis to disturb [the court's] resolution of the credibility issues presented by the conflicting versions of what occurred during defendant's encounter with the police" (*People v Martinez*, 206 AD2d 693, 694 n [1994], *lv denied* 84 NY2d 937 [1994]; *see People v Carrington*, 174 AD2d 572, 573 [1991], *lv denied* 78 NY2d 1010 [1991]).

Despite his express reservation of his appeal rights, by operation of law defendant's guilty plea foreclosed his right to challenge the legal sufficiency of the grand jury evidence (*see People v Cunningham*, 229 AD2d 669, 669-670 [1996]). Defendant's challenge to the indictment is purely evidentiary in nature and is not the type of jurisdictional or constitutional challenge which could impact "the integrity of the process" so as to survive his guilty plea (*People v Hansen*, 95 NY2d 227, 231 [2000]).

Defendant failed to preserve a challenge to the voluntariness of his plea or his argument that he was denied the effective assistance of counsel as he did not move to withdraw the plea or to vacate the judgment of conviction (*see People v McKoy*, 303 AD2d 842, 842 [2003], *lv denied* 100 NY2d 564 [2003]; *People v Bryant*, 262 AD2d 791, 791 [1999]). A review of the plea colloquy, moreover, reveals no statements which would negate any element of the crimes or otherwise call into question the voluntariness of the plea (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Blair*, 21 AD3d 1216, 1217 [2005]; *People v McElhiney*, 237 AD2d 827, 827 [1997], *lv denied* 90 NY2d 861 [1997]). Finally, no extraordinary circumstances or clear abuse of discretion exists warranting modification of the negotiated sentence in the interest of justice (*see People v Johnson*, 20 AD3d 591, 592 [2005], *lv denied* 5 NY3d 807 [2005]).

We have considered defendant's remaining contentions and find no basis upon which to reverse the judgment of conviction.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.