(April 27, 2006)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN RICHARDSON, Appellant. [813 NYS2d 581]—

Mugglin, J. Appeal from a judgment of the County Court of Ulster County (Czajka, J.), rendered October 25, 2002, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, criminal use of drug paraphernalia in the second degree and endangering the welfare of a child.

Defendant and his paramour* were charged in a nine-count indictment with various drug-related offenses and endangering the welfare of a child. The local police and the State Police executed a no-knock search warrant at the paramour's apartment where they found defendant and his paramour in bed together, next to a crib in which their child was sleeping. During the search, the police recovered more than five ounces of cocaine, various drug paraphernalia and in excess of $16,000 in cash. Defendant's paramour maintained that the drugs and paraphernalia belonged only to her and so testified at defendant's trial. Defendant was acquitted of, among other crimes, criminal possession of a controlled substance in the first degree, but was convicted of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, criminal use of drug paraphernalia in the second degree and endangering the welfare of a child. Defendant's CPL 330.30 motion was denied and he was sentenced to an aggregate prison term of $8^1/_3$ to 25 years. Finding no merit to any of defendant's eight appellate arguments, we affirm.

Defendant's first argument that egregious police misconduct warrants dismissal of the indictment is both unpreserved and meritless. While returning from a lunch break, after commencement of testimony by the first witness, one juror was in an elevator at the courthouse with several police officers, one of whom said to her, "[D]on't worry. If he wasn't guilty we wouldn't have arrested him." Fortunately, the juror immediately reported the incident and, following a hearing by County Court and counsel, at which it was determined that the juror had not communicated with any fellow juror concerning this matter, she was excused. Defendant, at first, sought a mistrial, but withdrew the motion and proceeded to trial. At the close of the People's case, he renewed this motion, was instructed to make it in writing, but did not. Hence, the motion was abandoned and is not reviewable by this Court (*see People v Mower*, 97 NY2d 239, 246 [2002]). As to the merit of the argument, although the police misconduct was reprehensible, under the circumstances presented, defendant's due process rights were not violated (*compare People v Isaacson*, 44 NY2d 511 [1978]).

Next, we reject defendant's second and third arguments that because the evidence was wholly circumstantial, the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. Our review is the same, whether the ev-

---

* The judgment convicting defendant's paramour of criminal possession of a controlled substance in the second degree was affirmed by this Court (*People v Reyes*, 25 AD3d 815 [2006]).

idence is circumstantial or direct (*see People v Grassi*, 92 NY2d 695, 697 [1999]; *People v Venkatesan*, 295 AD2d 635, 636 [2002], *lv denied* 99 NY2d 565 [2002]). The police testified that in the bedroom where defendant was found, they discovered men's clothing in the closet and dresser drawers, 50 pairs of men's sneakers and a red Budweiser jacket, which the police witnesses testified they had previously observed defendant wearing. In the pockets of the jacket were 18 baggies containing a white chunky substance. A search of other areas in the apartment uncovered more than four ounces of cocaine. Additionally, in one of the dresser drawers, the police discovered a picture of defendant with the child, and cash, bundled in amounts of $1,000, totaling in excess of $15,000. Typically, this amount of cocaine, the method of packaging and the amount of cash equate with the sale of drugs (*see People v Elhadi*, 304 AD2d 982, 983 [2003], *lv denied* 100 NY2d 580 [2003]; *see also People v Mendoza*, 5 AD3d 810, 813-814 [2004], *lv denied* 3 NY2d 644 [2004]). Thus, viewed in the light most favorable to the People, there exists a valid line of reasoning and permissible inferences from which a rational juror could conclude that each of the elements of the subject charges upon which defendant was convicted were established beyond a reasonable doubt (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Sawyer*, 23 AD3d 845, 846 [2005]; *People v Tarver*, 292 AD2d 110, 113-114 [2002], *lv denied* 98 NY2d 702 [2002]). Likewise, after independently reviewing the trial evidence and according the required deference to the jury's resolution of credibility issues—including its obvious rejection of the paramour's testimony—we conclude that the verdict was not against the weight of the evidence (*see People v Williams*, 25 AD3d 875, 875 [2006]; *People v Walton*, 16 AD3d 903, 904 [2005], *lv denied* 5 NY3d 796 [2005]).

Defendant's fourth and fifth arguments concern County Court's rulings during trial. Here, defendant's claim that he was improperly denied the right to call his paramour as a witness is without merit as he sought her testimony on an issue wholly collateral to and irrelevant to the issues before the jury (*see People v Pavao*, 59 NY2d 282, 288-289 [1983]; *cf. People v Brooks*, 210 AD2d 800, 802 [1994], *lv denied* 85 NY2d 906 [1995]). Defendant's other argument is that his cross-examination of police witnesses was unduly curtailed when he attempted to establish, through their testimony, that he did not reside in the paramour's apartment. The extent and scope of cross-examination is left to the sound discretion of the trial court and will not be disturbed in the absence of abuse or injustice (*see People v Plaisted*, 2 AD3d 906, 908 [2003], *lv denied* 2 NY3d 744 [2004]). Here, because the People's burden was

only to establish defendant's dominion and control over the drugs, and not to establish his residency in the apartment, we hold that County Court appropriately weighed the probative value of the proffered testimony against the risk of jury confusion and the danger of unfair prejudice (*see People v Corby*, 6 NY3d 231, 234 [2005]).

We next reject defendant's sixth argument that County Court should not have denied his request for a *Mapp* hearing and a *Franks* hearing. Defendant's motion for a *Mapp* hearing was properly denied as it was not supported by sufficient sworn allegations of fact (*see* CPL 710.60 [3] [b]; *People v Mendoza*, 82 NY2d 415, 430 [1993]). With respect to the *Franks* hearing, in order to void the warrant and suppress the fruits of the search, defendant is obliged to demonstrate that the warrant application contained a false statement made knowingly, intentionally or recklessly (*see People v Griffin*, 234 AD2d 718, 720 [1996], *lv denied* 89 NY2d 1036 [1997]). Defendant failed to sustain this initial burden, and review of the warrant application reveals no false or contradictory statement. Thus, County Court properly denied this motion.

Defendant's seventh argument is that acquittal of criminal possession of a controlled substance in the first degree is inconsistent with his conviction of criminal possession of a controlled substance in the third degree. First, this issue is unpreserved as it was not raised by objection prior to the discharge of the jury (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Baker*, 24 AD3d 810, 811 [2005]). In any event, the argument lacks merit since the only difference between the crimes is the amount of controlled substance possessed by defendant and a "rational juror could have concluded that the proof was insufficient to demonstrate that defendant possessed, or knew that he possessed, the greater amount" (*People v Hurteau*, 19 AD3d 878, 881 [2005], *lv denied* 5 NY3d 806 [2005]).

Lastly, we reject defendant's contention that the sentence imposed was harsh and excessive. Defendant possessed significant quantities of drugs and apparently orchestrated and directed a well-organized distribution network. Given that no extraordinary circumstances exist which would warrant any reduction and the absence of any abuse of discretion by County Court, we decline to disturb the sentence (*see People v Lanfair*, 18 AD3d 1032, 1034 [2005], *lv denied* 5 NY3d 790 [2005]).

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.

