■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK ROARK, Appellant. [814 NYS2d 814]—

Spain, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered April 9, 2004 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant was charged with criminal sale of a controlled substance in the third degree in connection with his sale of approximately 14 grams of cocaine to a confidential informant in exchange for $1,000 in cash. Defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and, although defendant failed to appear at sentencing, Supreme Court sentenced him in accordance with the plea agreement as a predicate felon to 5½ to 11 years in prison. On defendant's appeal, we affirm.

Defendant sought to withdraw his guilty plea prior to sentencing, arguing then and now on appeal that he is innocent and was pressured into pleading guilty. Supreme Court reviewed the transcript of the plea colloquy and gave defendant and his attorney an opportunity to be heard on the issue before denying defendant's motion. Mindful that the decision to allow a defendant to withdraw a guilty plea rests within the sound discretion of the trial court and having reviewed the plea colloquy and found that defendant entered a knowing, voluntary and informed plea, in the course of which he made sufficient factual admissions to establish his guilt, we find no reason to disturb Supreme Court's decision to deny defendant's motion to withdraw his plea (*see People v Obert*, 1 AD3d 631, 631-632 [2003], *lv denied* 2 NY3d 764 [2004]; *People v Babcock*, 304 AD2d 912, 912 [2003]).

Next, we find defendant's challenge to the denial of his motion to suppress the buy money found in his possession unpersuasive. Defendant's contention that the People failed to demonstrate the reliability of the confidential informant is inapposite given the fact that the confidential informant did not testify at the suppression hearing; indeed, the testimony of the officers involved in the arrest established that the police directly monitored the buy and, thus, obtained sufficient information to establish probable cause to make the arrest and seize the money without relying on any statements or observation made by the confidential informant (*see People v Williams*, 25 AD3d 927, 928-929 [2006]; *People v Mendoza*, 5 AD3d 810, 813 [2004], *lv denied* 3 NY3d 644 [2004]).

Finally, we find no evidence that Supreme Court abused its discretion in sentencing defendant to the agreed upon sentence

and no extraordinary circumstances which would persuade us to reduce defendant's sentence in the interest of justice (*see People v Williams, supra* at 929; *People v Youmans,* 11 AD3d 823 [2004]; *People v Calkins,* 6 AD3d 744, 746 [2004], *lv denied* 3 NY3d 671 [2004]).

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.