■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER McZORN, Appellant. [814 NYS2d 813]—Appeal from a judgment of the County Court (Smith, J.), rendered January 10, 2005 in Broome County, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was convicted in 1999 of attempted criminal possession of a controlled substance in the third degree and was sentenced to four months of intermittent incarceration and five

years of probation. In July 2000, he was charged with violating the terms of his probation, but after he admitted to the violation his probation was restored. At that time, County Court warned defendant that he would be sentenced to serve time in prison if he committed a further violation. In August 2004, defendant was charged with a second probation violation based upon his arrest for rape in the first degree and a positive drug test. He admitted to violating his probation by testing positive for drug use. Consequently, County Court revoked defendant's probation and resentenced him to 2 to 6 years in prison. He now appeals.

We find no merit to defendant's claim that the sentence imposed by County Court is harsh and excessive. Defendant has a lengthy criminal record and was specifically informed by County Court at the time of his first probation violation that any further violation would result in a significant period of incarceration. Contrary to defendant's assertion, we do not find that the dismissal of the rape charge constitutes an extraordinary circumstance warranting a reduction of the sentence nor do we find that County Court abused its discretion in the sentence it imposed (*see People v Johnson*, 20 AD3d 591, 592 [2005], *lv denied* 5 NY3d 807 [2005]).

Cardona, P.J., Crew III, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.