■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAPHAEL FOLK, Also Known as SEVEN, Appellant. [843 NYS2d 695]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered September 30, 2005 in Albany County, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminally using drug paraphernalia in the second degree and unlawful possession of marihuana.

Defendant was indicted on numerous drug-related offenses stemming from allegations that he sold cocaine to a confidential informant inside a motel room on the evening of April 5, 2005 and that additional amounts of drugs, as well as drug paraphernalia, were thereafter recovered from that motel room when it was searched pursuant to a warrant. A jury found him guilty of criminal sale of a controlled substance in the third degree, crim-

inal possession of a controlled substance in the third and fourth degrees, criminally using drug paraphernalia in the second degree and unlawful possession of marihuana. Sentenced, as relevant on appeal, to an aggregate prison term of seven years, he now appeals.

Defendant first argues that the police lacked probable cause to arrest him. To the extent that defendant, in raising this argument, makes repeated challenges to the reliability of the confidential informant, we note that defense counsel and the prosecution conceded during the *Mapp* hearing that the information contained within the search warrant played no role in defendant's arrest. Rather, his arrest was based on the observations of the police officers who monitored the sale. Under these circumstances, the reliability of the confidential informant vis-à-vis the issue of probable cause is simply not germane (*see e.g. People v Roark*, 29 AD3d 1172, 1173 [2006], *lv denied* 7 NY3d 762 [2006]).

Next, the collective testimony of the experienced police officers involved in the subject controlled buy, which was fully credited by County Court (Breslin, J.) (*see e.g. People v Williams*, 25 AD3d 927, 928 [2006], *lv denied* 6 NY3d 840 [2006]; *People v Reid*, 2 AD3d 1061, 1062 [2003], *lv denied* 3 NY3d 646 [2004]), established that sufficient information was obtained by them to provide probable cause to arrest. These officers established that the confidential informant was searched for contraband, outfitted with a transmitting device and provided with $100 in prerecorded buy money just before his prearranged meeting with defendant. Officers then visually monitored the confidential informant, at which time they observed him alone with defendant in the parking lot of the motel, observed the twosome enter a particular room and then observed the confidential informant exit that room a few minutes later. At this time, the confidential informant immediately turned over four pieces of crack cocaine.

When defendant left the motel room a short time later, his vehicle was pulled over and he was placed under arrest.* While no officer was in the room to witness the actual sale and while no officer overheard it because the transmitting device malfunctioned, we are nevertheless satisfied, given the precise sequence of events as detailed by these trained professionals, that the police possessed sufficient information to conclude that defendant sold drugs such that probable cause existed to arrest him (*see e.g. People v Roark*, 29 AD3d at 1173; *People v Rose*, 2 AD3d

---

\* A search incident to this arrest produced a key to the motel room, marihuana and the $100 in prerecorded buy money on defendant's person.

1324, 1325 [2003], *lv denied* 2 NY3d 745 [2004]; *see generally People v Shulman*, 6 NY3d 1, 25 [2005], *cert denied* 547 US 1043 [2006]; *People v McRay*, 51 NY2d 594, 602 [1980]). Furthermore, since defendant failed to sustain his burden of demonstrating that the search warrant application contained a false statement made knowingly, intentionally or recklessly, his request for a *Franks* hearing was properly denied (*see People v Richardson*, 28 AD3d 1002, 1005 [2006], *lv denied* 7 NY3d 817 [2006]).

Next, viewing the evidence adduced at trial in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish defendant's guilt on all counts beyond a reasonable doubt. This evidence included the detailed testimony of the officers monitoring the controlled buy, evidence that the prerecorded buy money and key to the subject motel room were recovered from defendant's person upon his arrest and evidence that defendant rented and occupied the motel room in which the sale took place and additional drugs and drug paraphernalia were subsequently recovered. Likewise, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 494-495 [1987]).

We agree, however, that the sentence imposed for his conviction under count 3 of the indictment (criminal possession of a controlled substance in the fourth degree) was illegal and therefore must be reduced to 5½ years (*compare* Penal Law § 220.09 [1] *with* Penal Law § 70.70 [2] [a] [ii]).

Mercure, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, by reducing defendant's sentence for criminal possession of a controlled substance in the fourth degree under count 3 of the indictment to 5½ years, and, as so modified, affirmed.