Garry, J.
Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered April 15, 2011, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree and criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered August 15, 2011, which denied defendant’s motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In May 2010, officers of the City of Albany Police Department conducted a controlled buy operation in which a confidential informant (hereinafter Cl) contacted defendant to set up a cocaine sale in Albany. Police officers supplied the Cl with buy money and a transmitting device and monitored defendant and the Cl throughout the transaction, which took place while defendant was in a vehicle. Immediately thereafter, the Cl turned narcotics over to the officers and informed them that defendant had a large quantity of cocaine in the vehicle. As defendant drove away from the scene, officers pulled him over for failure to signal, arrested him and, after a preliminary search of the vehicle, transported him and the vehicle to the police station. Defendant was strip-searched and found to have cocaine hidden on his person; a search of the vehicle at the police station disclosed a hidden compartment containing a large quantity of cocaine and the Cl’s buy money.
Defendant was charged with criminal possession of a controlled substance in the first degree, two counts of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal sale of a controlled substance in the third degree, and intimidating a witness in the third degree. Following a jury trial, he was acquitted of the intimidation charge, convicted of the remaining charges and sentenced to an aggregate prison term of 35 years. County Court subsequently denied defendant’s motion to vacate the judgment of conviction (see CPL 440.10). Defendant appeals from the judgment and, by permission, from the order denying his posttrial motion.
We are unpersuaded by defendant’s claim that County Court should have granted his motion to suppress evidence. Initially, we disagree with defendant’s contention that the court improp *970 erly based its determination that there was probable cause for his arrest on hearsay testimony regarding the claim of the Cl— who did not testify at the Mapp hearing — that defendant possessed drugs. Although the preliminary roadside search of defendant’s vehicle did not confirm the Cl’s statement, there was independent probable cause for defendant’s arrest based upon the police officers’ testimony that the Cl was searched before the transaction to confirm that he possessed no narcotics and was monitored throughout the transaction, that a trained officer observed the transaction between defendant and the Cl and believed it to be a drug deal, and that the Cl provided narcotics to the officers immediately thereafter (see People v Rolle, 72 AD3d 1393,1395 [2010], lv denied 16 NY3d 745 [2011]; People v Folk, 44 AD3d 1095, 1096 [2007], lv denied 9 NY3d 1006 [2007]; People v Roark, 29 AD3d 1172, 1173 [2006], lv denied 7 NY3d 762 [2006]).
Further, there was probable cause for the warrantless search of defendant’s vehicle. “ [W]hen the occupant of an automobile is arrested, the very circumstances that supply probable cause for the arrest may also give the police probable cause to believe that the vehicle contains contraband [or] evidence of the crime’ ” (People v Martin, 50 AD3d 1169, 1170 [2008], quoting People v Blasich, 73 NY2d 673, 678 [1989]), provided there is a nexus between the arrest and the probable cause for the search (see People v Galak, 81 NY2d 463, 467 [1993]). Here, officers provided the Cl with buy money before the transaction and recorded the currency’s serial numbers. Immediately after the transaction, an officer observed defendant counting currency in his vehicle. Defendant did not exit the vehicle before police stopped him, and officers searched the Cl after the transaction and confirmed that he no longer had the buy money they had provided to him. These circumstances, in addition to the previously discussed narcotics evidence, furnished probable cause to believe that contraband was in the vehicle and “ justifie[d] the search of every part of the vehicle and its contents that may conceal the object of the search’ ” (People v Ellis, 62 NY2d 393, 398 [1984], quoting United States v Ross, 456 US 798, 825 [1982]; see People v Langen, 60 NY2d 170,180 [1983], cert denied 465 US 1028 [1984]; People v Dobere, 298 AD2d 770, 772 [2002]). The circumstances further provided a “founded suspicion that criminality was afoot” authorizing a canine sniff of the vehicle (People v Devone, 15 NY3d 106, 113 [2010] [internal quotation marks omitted]), and the officers’ authority to search the vehicle was not altered by its removal from the roadside to the police station (see People v Milerson, 51 NY2d 919, 921 [1980]; People v Bacalocostantis, 121 AD2d 812, 815 [1986], lv denied 68 NY2d 755 [1986]).
*971 For similar reasons, we find no impropriety in the strip search conducted at the police station following defendant’s arrest. “[A] strip search must be founded on a reasonable suspicion that the arrestee is concealing evidence underneath clothing and the search must be conducted in a reasonable manner” (People v Hall, 10 NY3d 303, 310-311 [2008], cert denied 555 US 938 [2008]; see People v Hunter, 73 AD3d 1279, 1280 [2010]). Some of the factors that may be considered in determining the reasonableness of such a search are the circumstances of the arrest, the defendant’s nervousness or unusual conduct, tips from informants, and “an itinerary suggestive of wrongdoing” (People v Kelley, 306 AD2d 699, 700 [2003], lv denied 1 NY3d 598 [2004]). Here, after officers observed what appeared to be a drug transaction between the Cl and defendant, received narcotics from the Cl and found no narcotics or buy money in a preliminary vehicle search, defendant was taken to the police station, where he was described as “a little nervous.” In the presence of three officers, defendant was directed to remove one article of clothing at a time and hand it to the officers. After he had removed all of his clothing, he was asked to bend over; when he did so, a bag full of a substance that proved to be cocaine fell to the floor from between his buttocks. Based on the circumstances, we find that the search was both reasonably conducted and justified by a reasonable suspicion that defendant possessed contraband (see People v Pierre, 8 AD3d 904, 906 [2004], lv denied 3 NY3d 710 [2004]).
Contrary to defendant’s claim, his attorney’s failure to request a Darden hearing did not deprive him of the effective assistance of counsel. Such a hearing is warranted when the evidence is insufficient to establish probable cause other than the arresting officer’s testimony regarding communications from an informer, and questions as to the informer’s identity are raised at the suppression hearing (see People v Adrion, 82 NY2d 628, 633-634 [1993]; People v Darden, 34 NY2d 177, 181 [1974]). Here, as discussed above, there was sufficient evidence at the suppression hearing to establish probable cause for defendant’s arrest independent of the Cl’s statements.* Accordingly, no Darden hearing was required, and defense counsel’s failure to request such a hearing did not constitute a lack of meaningful representation (see People v Vargas, 72 AD3d 1114, 1119 [2010], lv denied 15 NY3d 758 [2010]; People v Smith, 301 AD2d 671, 673 [2003], lv denied 99 NY2d 658 [2003]).
Next, we reject defendant’s request to reduce his sentence in *972 the interest of justice. Defendant was sentenced upon five felony convictions as a second felony drug offender with a predicate violent felony (see Penal Law § 70.70 [1] [b]; [4] [a]) to concurrent terms of 6, 10, 10 and 25 years and a consecutive term of 10 years, followed by postrelease supervision. All of these sentences were below the allowable máximums (see Penal Law §§ 70.70 [4] [b] [i], [ii]; 70.71 [4] [b] [i]). In view of defendant’s lengthy criminal history, the significant quantity of drugs found in his possession, and his complete failure to acknowledge responsibility for his actions, we find no extraordinary circumstances or abuse of discretion warranting modification (see People v Sudler, 75 AD3d 901, 906 [2010], lv denied 15 NY3d 956 [2010]; People v Carpenter, 51 AD3d 1149, 1151 [2008], lv denied 11 NY3d 786 [2008]; People v Richardson, 28 AD3d 1002, 1005 [2006], lv denied 7 NY3d 817 [2006]).
Finally, County Court properly denied defendant’s motion to vacate his judgment of conviction. Initially, contrary to defendant’s claim, the People’s failure to respond did not require the court to grant the motion (see CPL 440.30 [1]; People v Hoffler, 74 AD3d 1632, 1635 n 4 [2010], lv denied 17 NY3d 859 [2011]). A motion to vacate a judgment must be denied if the judgment is “appealable . . . and sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal” (CPL 440.10 [2] [b]; see People v Bruno, 97 AD3d 986, 986-987 [2012], lv denied 20 NY3d 931 [2012]; People v Hillriegel, 78 AD3d 1381, 1382 [2010]). Here, the issues raised on defendant’s motion — his counsel’s failure to request a Darden hearing and County Court’s allegedly improper failure to grant his motion to suppress evidence — were appealable, were based entirely on facts in the record, were in fact raised on direct appeal and were found herein to be without merit (see People v Lagas, 49 AD3d 1025, 1026 [2008], lv denied 10 NY3d 866 [2008]; People v Mullings, 23 AD3d 756, 759 [2005], lv denied 6 NY3d 756 [2005]).
Peters, EJ., Lahtinen and Egan Jr., JJ, concur. Ordered that the judgment and order are affirmed.

 The trial testimony of the Cl later corroborated the sequence of events described by the police officers at the suppression hearing.