■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE SPEARS, Appellant. [643 NYS2d 343]

As the People concede, defendant's conviction for manslaughter was incorrectly treated as a class B armed felony, instead of a class B violent felony carrying, at the time of sentence, a maximum term of 25 years and a minimum period of one-third the maximum term, i.e., $8^{1}/_{3}$ to 25 years. Defendant does not seek to withdraw his plea. Defendant may not be resentenced to a maximum term greater than the 20 years previously imposed pursuant to his plea agreement (*Stewart v Scully*, 925 F2d 58 [2d Cir 1991]). On the other hand, there is no reason to reduce the 10-to-20-year sentence for criminal use of a firearm in the first degree. Concur—Milonas, J. P., Rosenberger, Ross and Tom, JJ.

■ In the Matter of HARTFORD INSURANCE COMPANY, Respondent, v VINIL THOMAS, an Infant, by MATHAI T. THEKKEKURUMPOLIL, Appellant. [643 NYS2d 340]

Since respondent ignored two prior unappealed court orders granting petitioner's motion to permanently stay arbitration, by re-serving a demand for arbitration, the original stay remained in effect. Sanctions were properly imposed against respondent for such frivolous conduct. Concur—Milonas, J. P., Rosenberger, Ross and Tom, JJ.