(September 17, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE SAMUELS, Appellant. [647 NYS2d 78] —Judgment, Supreme Court, New York County (Antonio Brandveen, J., at initial plea and predicate felony hearing; George Roberts, J., at second plea and sentence), rendered August 2, 1994, convicting defendant of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

As in *People v Rexach* (220 AD2d 362, *lv denied* 87 NY2d 924), we reject defendant's claim that he was improperly adjudicated a second felony offender on the basis of his prior North Carolina narcotics conviction under a statute which, unlike its New York "sale" counterparts, does not appear to be subject to the defense of agency. In any event, the "definitions" statute (NC Gen Stat § 90-87 [2], [7]), cited by defendant, focuses on the accused's status as agent of the seller (*cf., People v Herring*, 83 NY2d 780) and does not explicitly preclude a defense that the accused acted as agent of the buyer. Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Nardelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY GILCHRIST, Appellant. [647 NYS2d 77] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered January 31, 1996, resentencing defendant to a term of 5 to 15 years, upon his plea of guilty to attempted robbery in the first degree, unanimously modified, on the law, to reduce the sentence to $3^1/_3$ to 10 years, and otherwise affirmed.

Defendant, who was improperly sentenced as a second violent felony offender to a term of 5 to 10 years (*People v Gilchrist*, 223 AD2d 382), was improperly resentenced, as a first-time felony offender, to a term of 5 to 15 years. Defendant had a reasonable expectation of finality in the 10-year maximum term originally imposed pursuant to his plea bargain (*see, Stewart v Scully*, 925 F2d 58; *People v Hoppie*, 220 AD2d 528; *cf., People v Spears*, 228 AD2d 193), and the minimum period of imprisonment for a first-time attempted first-degree robbery offender at the time the instant offense was committed was one-third of the maximum term (Penal Law § 70.02 [1] [b]; [2] [a]; [former (4)]). Inasmuch as the 15-year maximum term imposed by the sentencing court shows that it would not, if given another opportunity to sentence, impose a maximum term of less than 10 years, we modify the resentence to $3^1/_3$ to 10 years. Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Nardelli, JJ.