OPINION OF THE COURT
Seymour Rotker, J.
The defendant was arrested on February 13, 1997, and charged, inter alia, with the crime of rape in the first degree.
The matter was adjourned on February 19, 1997, in Part AP 6, and thereafter adjourned to March 19, 1997. He was represented by Francis B. Gibbons during that period of time.
The District Attorney moved, in the Supreme Court, for an order to show cause why defendant should not be required to *61 give blood samples in order that DNA testing may be accomplished (an indictment had not yet been filed).
After a colloquy in the Supreme Court, the District Attorney withdrew his application. On March 31, 1997, in an ex parte application, the District Attorney obtained a search warrant to take blood samples from the defendant to conduct the DNA testing.
The warrant was obtained without notice given to the defendant’s attorney. Blood was thereafter taken from the defendant and tests conducted. An indictment was filed on May 15, 1997; the defendant was arraigned on June 2, 1997. In an omnibus motion, the defendant moved this court to controvert the search warrant without having obtained a copy of the said warrant prior to the time a motion schedule had been made. By order of the court dated August 8, 1997, a hearing was granted to determine if the warrant should be controverted.
On August 28, 1997, the date set for the hearing, the defense attorney withdrew that part of his application requesting the court to controvert the warrant, but argued that the search warrant was improperly executed because of the failure of the District Attorney to give notice to the defense attorney that a warrant to obtain blood from the defendant was being sought.
I make the following Conclusions of Law.
Once a defendant is charged under indictment, superior court information, prosecutor’s information, information, or simplified information charging a misdemeanor is filed, the provisions of CPL 240.40 are applicable. Pursuant to CPL 240.40 (2) (b) (v), the People may move the court for an order permitting the taking of blood from a defendant. However, where the defendant has been arraigned on a felony or misdemeanor complaint only, the discovery sections do not apply. Therefore, in this case, the correct means for obtaining the desired evidence is through a court-ordered search warrant.
In Matter of Abe A. (56 NY2d 288), a case where a search warrant was obtained to draw blood from a suspect rather than a defendant, the Court set forth the criteria to be met for the issuance of a search warrant to draw blood. The Court held that the People must establish (1) probable cause to believe the individual has committed the crime; (2) a clear indication that relevant material evidence will be found, and (3) the method used to secure the blood is safe and reliable (Matter of Abe A., supra). In addition, the Court stated that such application was properly brought on notice to the suspect (Matter of Abe A., supra).
*62 It is clear, therefore, that since notice is required when an individual is a suspect, notice must be required when an individual is arrested and arraigned and the individual’s Sixth Amendment right to counsel has attached.
It was, therefore, improper for the People to seek the instant search warrant, ex parte, as defendant was represented by counsel. The evidence gathered, pursuant to said search warrant, is, therefore, suppressed.
This ruling, however, does not preclude the People from seeking the evidence through appropriate motion.