■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK CASLIN, Appellant. [670 NYS2d 984] —Cardona, P. J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered December 23, 1994, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny.

Following a break-in at a novelty store located in the City of Elmira, Chemung County, in the early morning hours of May 7, 1994, defendant was charged with the crimes of burglary in the third degree and petit larceny. He was subsequently tried before a jury and, at the close of the prosecution's case, moved for a trial order of dismissal. County Court denied the motion

and the jury rendered a verdict convicting defendant of both charges. He was sentenced as a second felony offender to a prison term of 3½ to 7 years on the burglary charge and one year on the petit larceny charge, with the sentences to run concurrently. Defendant now appeals.

Turning first to defendant's claim that the verdict is not supported by legally sufficient evidence, we note that "[t]he standard for reviewing the legal sufficiency of evidence in a criminal case is whether 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " (*People v Contes*, 60 NY2d 620, 621, quoting *Jackson v Virginia*, 443 US 307, 319 [emphasis in original]; *see, People v Ficarrota*, 91 NY2d 244, 248; *People v Williams*, 84 NY2d 925, 926). This standard is applicable regardless of whether the case is based on direct or circumstantial evidence (*see, People v Ficarrota, supra,* at 248-249; *People v Rosado*, 244 AD2d 772, 773).

Applying the above standard, we find that the circumstantial evidence adduced at defendant's trial was legally sufficient to support the verdict. Two pedestrians, who were in the vicinity of the store at the time of the break-in, testified that as they walked past the store they heard the sound of breaking glass. One of the witnesses stated that he observed a man running from the store with shoulder-length hair and a beige jacket with a design on the back. Neither witness saw the man's face or were able to identify defendant as the suspect when he was later apprehended.

The owner of the store testified that, when she arrived at the store after the break-in, she noticed a cardboard box full of merchandise located outside the door in the entryway. She identified all of the items contained in the box as merchandise which was missing from the store and explained that some of the items were kept in locations within the store not accessible to the public. She further stated that she had never seen defendant in her store.

The police officers testified that defendant matched the description of the suspect given to them by the dispatcher and that they apprehended him at a nearby Dunkin Donuts store a short time after the incident. They further stated that defendant's jacket appeared to be littered with glass fragments. In addition, the police officers testified that fingerprint samples taken from the merchandise contained in the cardboard box matched the fingerprints of defendant. In our view, the evidence is legally sufficient to support defendant's conviction

(*see, People v Logan,* 243 AD2d 920, *lv denied* 91 NY2d 876). Furthermore, given defendant's lengthy criminal record, we find that the sentence imposed by County Court is neither harsh nor excessive (*see, People v Valdez-Rodrigues,* 235 AD2d 627, 630-631, *lv denied* 89 NY2d 1041).

Mercure, White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.