■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHRISTOPHER GRASSI, Respondent. [673 NYS2d 753] —Mikoll, J. P. Appeal from an order of the County Court of Broome County (Smith, J.), entered December 30, 1995, which, inter alia, granted defendant's motion pursuant to CPL 290.10 to set aside the verdict convicting him of the crime of arson in the second degree.

Defendant and three others were indicted, upon a theory of accessorial liability, for the crime of arson in the second degree relating to a fire which damaged a building located in the Village of Endicott, Broome County, housing a nightclub known as the Club Elante (hereinafter the Club). After a lengthy trial, including the testimony of 57 witnesses and 152 exhibits, the jury rendered a guilty verdict as to defendant and acquitted his three codefendants. After the verdict was rendered, County Court granted defendant's CPL 290.10 motion, upon which it had reserved decision, setting aside the verdict and dismissing the indictment. The People appeal.

It is now clear that our review of the sufficiency of the evidence in a wholly circumstantial case such as this requires the same inquiry used in noncircumstantial cases, i.e., "whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People" (People v Williams, 84 NY2d 925, 926; see, People v Ficarrota, 91 NY2d 244; People v Cabey, 85 NY2d 417; People v Wong, 81 NY2d 600). It is now equally clear that the standard "whether the circumstantial evidence excluded 'to a moral certainty' every reasonable hypothesis of innocence" is not applicable in appellate review but is available only to a trier of fact (People v Williams, supra, at 926).

Applying these principles to review the legal sufficiency of the jury verdict herein, the evidence, albeit circumstantial, was more than adequate to support the verdict (see, People v Kaplan, 76 NY2d 140; People v Flayhart, 72 NY2d 737; People v Bleakley, 69 NY2d 490). The evidence established that defendant was a 50% owner of the Club, which was experiencing regulatory and police problems as well as a decline in business. In August 1994, defendant closed a safe-deposit box where he had routinely kept the Club's cash. He listed the property for sale but received no offers, and in September 1994 purchased an insurance policy covering the business and contents. In the week before the fire, numerous items of furniture and equipment were removed from the premises.

On October 16, 1994 at approximately 3:57 A.M., a fire was intentionally set with the use of an accelerant in the area of plastic garbage bags containing linens which had been placed behind the rear bar, where, according to the testimony, they had never before been placed. Shawn Benedict, the disc jockey employed by the Club who worked the weekend of the fire, testified that the Friday night before the fire an expensive lighting system purchased by defendant for the Club was gone, there was a hole on top of the mixing board where the lighting system's control panel had been, and none of its four units were in the ceiling. Defendant told Benedict that the system had broken and he had been instructed to ship it for repair to the distributor. However, the salesperson at the music store where defendant had purchased the system testified that defendant never contacted him about damage to the system before the fire and that in fact defendant told him, after the fire, that it was destroyed in the fire and he needed an estimate for insurance purposes. The system was discovered, intact and operable, in defendant's possession after the fire. Evidence also established that the building housing the Club and an adjacent motel were essentially a single building in that they shared a common wall, permitting the jury to infer that defendant knew persons were inside the building.

This evidence, together with permissible inferences therefrom, is sufficient to support not only the jury's finding of defendant's intent to commit arson, but of his complicity in, and accessorial liability for, the crime itself. Evidence of complicity legally sufficient to support a jury verdict of accomplice liability may consist of proof as to motive (*see, People v Ficarrota*, 91 NY2d 244, *supra*; *People v Levine*, 65 NY2d 845, 847).

We further note that given the statements of County Court immediately prior to granting the CPL 290.10 motion, upon which it had reserved decision prior to the jury's verdict, it appears that the court considered the acquittal of the three codefendants in granting the motion. This was contrary to the CPL 290.10 (1), requiring the motion to be determined only upon such evidence as the court would have been authorized to consider had it not reserved decision.

In view of our conclusion, we do not reach the parties' remaining arguments.

Peters and Carpinello, JJ., concur.

White, J. (dissenting). We respectfully dissent. Our point of disagreement with the majority is that we find the inference that defendant solicited or intentionally aided the arsonist is conjectural as there is no proof that he had contact with the

unknown arsonist or that he took any steps to assist the arsonist in the preparation or perpetration of the arson (*see*, Penal Law § 20.00). Consequently, we conclude that the evidence is legally insufficient to support a finding of guilt beyond a reasonable doubt (*see*, *People v Piazza*, 48 NY2d 151, 161-162; *People v Motter*, 235 AD2d 582, 585, *lv denied* 89 NY2d 1038; *see also*, 2 Bender's New York Evidence § 5.03 [2]).

Yesawich Jr., J., concurs. Ordered that the order is reversed, on the law, motion denied, verdict reinstated and matter remitted to the County Court of Broome County for sentencing.