■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY TRIMM, Appellant. [675 NYS2d 241] —Mikoll, J. P. Appeals (1) from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered February 18, 1997, upon a verdict convicting defendant of the crime of burglary in the second degree, and (2) from a judgment of said court, rendered November 24, 1997, which resentenced defendant following his conviction of the crime of burglary in the second degree.

Defendant alleges that his conviction is unsupported by legally sufficient evidence, that it resulted from an improper charge to the jury on the recent, exclusive possession of the fruits of a crime and that he was denied effective assistance of counsel. We disagree.

In a criminal case, the standard for reviewing legal sufficiency of evidence, direct or circumstantial, is whether the evidence, viewed in the light most favorable to the prosecution, would enable any rational trier of fact to find the essential elements of the crime proven beyond a reasonable doubt (*see*, *Jackson v Virginia*, 443 US 307, 319; *People v Contes*, 60 NY2d

620, 621; *People v Caslin,* 249 AD2d 626, 627; *People v Grassi,* 250 AD2d 944).

Applying that standard here, we conclude that the verdict is supported by legally sufficient evidence. Trial evidence established that sometime between July 6, 1995 and July 9, 1995, various items, including stereo components, were stolen from an apartment in the Town of Potsdam, St. Lawrence County, while its occupants were away. Thereafter, police recovered a JVC stereo receiver, identified through its serial number as belonging to one of the apartment's residents, Jamin Taggart. The receiver was further identified by William Cordwell as that which he purchased from defendant in July 1995. Sonya Trimm (defendant's estranged wife) and Neil Ashley testified that on an unspecified night in July 1995, they drove with defendant to Taggart's apartment. Trimm testified that defendant, stating that he was going to collect a debt from Taggart, left the vehicle. She did not see defendant enter the apartment, but upon returning 10 minutes later observed defendant and Ashley carrying "stuff", which defendant stated Taggart had given him to hold until the debt was repaid. Ashley, however, testified that only defendant exited the vehicle, returning with stereo components which he sold the same night to Cordwell.

Defendant next argues that County Court erred when instructing the jury concerning the inference to be drawn from recent, exclusive possession of the fruits of a crime by improperly finding facts. A jury charge upon the permissible inference to be drawn from recent, exclusive possession of stolen property "must be tailored to the facts of the particular case" (*People v Baskerville,* 60 NY2d 374, 382). Moreover, on at least two occasions during its charge, the court explicitly instructed the jury as to their exclusive role in judging the facts and cautioned that the court's remarks did not constitute evidence in the case. Viewed in its entirety, the charge was not improper.

We also reject defendant's claim that he was denied effective assistance of counsel based on his attorney's alleged "lackluster" performance at trial and his failure to request that the two principal prosecution witnesses, Trimm and Ashley, be considered accomplices. Although such a request would have been appropriate, at least with respect to Ashley, counsel's failure in this regard does not compromise what the record demonstrates was otherwise effective assistance. Indeed, defendant concedes on this appeal that he "cannot point to specific errors or omissions that, had they not occurred, the outcome of the case would likely be different".

We do agree, however, with defendant's contention that County Court improperly resentenced him. Defendant was originally sentenced to a term of imprisonment of 2½ to 5 years.* He moved pursuant to CPL 440.20 to set aside the sentence as unauthorized and invalid as a matter of law, as Penal Law § 70.02 (4) authorized the fixing of the minimum term of imprisonment as no more than one third of the maximum. The People did not oppose the motion but requested a prison sentence of 2 to 6 years, which the court then imposed. Defendant appeals, arguing, *inter alia*, that the higher maximum sentence violates the Double Jeopardy Clause in that after imposition of the original sentence, he acquired a legitimate expectation of the finality of its maximum term. We agree (*see, Stewart v Scully*, 925 F2d 58; *People v Gilchrist*, 231 AD2d 424, *lv denied* 89 NY2d 864; *People v Spears*, 228 AD2d 193; *People v Hoppie*, 220 AD2d 528). We note that the People have not filed a responding brief on this point and have stated their position that if we determine the sentence to be improper, the correct sentence should be 1⅔ to 5 years, rather than 1⅓ to 5 years as urged by defendant.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgments are modified, on the law and the facts, by reducing defendant's sentence to an indeterminate prison term of 1⅔ to 5 years, and, as so modified, affirmed.

---

* Effective October 1, 1995, Penal Law § 70.02 (4) permitted fixing the minimum term of imprisonment at one half the maximum term imposed. While defendant was sentenced in February 1997, the offense was committed in July 1995. Hence, defendant's sentence was governed by the provisions of Penal Law § 70.02 (4) then in effect, requiring the minimum term to be no greater than one third of the maximum term imposed.