OPINION OF THE COURT
 

 Wesley, J.
 

 Defendant and three co-defendants were indicted for the crime of arson in the second degree upon a theory of accessorial liability, arising from a fire in the early morning hours of October 16, 1994 that damaged a nightclub co-owned by defen
 
 *697
 
 dant and located in the Village of Endicott, Broome County, New York. After a lengthy trial, involving the testimony of 57 witnesses and 152 exhibits, the jury convicted defendant of arson in the second degree, but acquitted his three co-defendants. County Court (Smith, J.) granted defendant’s motion to set aside the verdict pursuant to CPL 290.10, stating that the evidence established that defendant was not physically present in Broome County when the fire occurred. According to the court, this could not be reconciled with the People’s contention that defendant “importuned, commanded [or] solicited the other three defendants to commit the crime of arson.”
 

 The Appellate Division, with two Justices dissenting, reversed and reinstated the verdict, noting that the evidence was sufficient to support the verdict (250 AD2d 944). The Court further found that County Court apparently considered the acquittal of the co-defendants in granting defendant’s CPL 290.10 motion. The dissenting Justices argued that the inference that defendant solicited or intentionally aided the arsonist was conjectural “as there [was] no proof that he had contact with the unknown arsonist or that he took any steps to assist the arsonist in the preparation or perpetration of the arson” (250 AD2d 944, 945-946,
 
 supra).
 
 Defendant appeals, pursuant to permission granted by one of the dissenting Justices, and we now affirm.
 

 A person is guilty of arson in the second degree on a theory of accessorial liability if he acts with the requisite
 
 mens rea
 
 required for the commission of the crime
 
 *
 
 and “solicits, requests, commands, importunes, or intentionally aids” the principal actor in the commission of the arson (Penal Law § 20.00). The standard of appellate review in determining whether the evidence before the jury was legally sufficient to support a finding of guilt beyond a reasonable doubt is the same for circumstantial and non-circumstantial cases— whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt
 
 (People v Cabey,
 
 85 NY2d 417, 420;
 
 People v Williams,
 
 84 NY2d 925;
 
 People v Rossey,
 
 89 NY2d 970, 971).
 

 
 *698
 
 There was evidence adduced at trial that defendant was a 50% owner of the nightclub when it opened for business in July 1993. He invested $40,000 of his own money into the club for business improvements. Although business was good initially, the club experienced serious financial difficulties during the months prior to the fire. Additionally, defendant was faced with a number of complaints from the State Liquor Authority and was in danger of losing his liquor license. Moreover, the Endicott Police Department received approximately 121 complaints directly involving the club between July 1993 and October 1994.
 

 In August 1994 defendant closed a safe deposit box in a local bank where he usually deposited proceeds from the club. He and his partner also put the club up for sale during August. However, after receiving no offers defendant took the property off the market two weeks before the fire.
 

 In September 1994, approximately three weeks prior to the fire, defendant purchased an insurance policy covering the business and contents. Additionally, during the days prior to the fire, furniture and equipment were removed from the premises during odd hours of the evening. The liquor stock was depleted and only a handful of chairs and tables were in the building at the time of the fire, despite the fact that a banquet with approximately 100 people in attendance was held the evening before the fire.
 

 The building was locked with no apparent evidence of a break-in at the time of the fire. Investigators established that the fire was intentionally set with the use of an accelerant in the area behind the bar, where a plastic bag containing linens was placed. According to testimony, the linens were never placed there prior to the evening of the fire.
 

 Moreover, investigators also established that the fire alarm system was intentionally disabled. The circuit breaker to the alarm was turned off, not tripped, indicating that the fire was set by a person who had knowledge of the system and how it worked. The jury could have inferred that defendant, who stated that he knew "the building inside and out” was indeed such a person.
 

 The majority at the Appellate Division also noted that evidence at trial established that the building housing the club and an adjacent motel were essentially a single entity because of a shared common wall. This permitted the jury to infer that defendant knew persons were inside the building when the fire was started.
 

 
 *699
 
 All that being stated, the smoking gun in this case involves a very expensive lighting system purchased by defendant when he made improvements to the club in 1993. A disc jockey employed by the club testified that on the Friday evening before the fire the entire lighting system purchased by defendant was removed from the premises. Defendant told the disc jockey that the system malfunctioned and that he had returned it to the manufacturer for repair. Defendant however never contacted the salesperson at the store where he purchased the system. In fact the salesperson testified at trial that defendant told him after the fire that the system was “totally destroyed” in the fire and that he needed an estimate for insurance purposes.
 

 In May 1995, police officers recovered the lighting system’s controller board from defendant’s home. Defendant informed the police that one of his friends had four of the missing light fixtures, which were also recovered.
 

 The totality of the evidence, with permissible inferences, would allow a rational trier of fact to conclude that defendant was an accessory to the arson. In addition to determining that defendant had the requisite
 
 mens rea
 
 and that each element of the crime of arson in the second degree was proven beyond a reasonable doubt, the jury surely could have concluded that defendant had a motive and opportunity to solicit, request, command, importune, or intentionally aid the unknown arsonist in setting the fire
 
 (see generally, People v Ficarrota,
 
 91 NY2d 244;
 
 People v Levine,
 
 65 NY2d 845, 847).
 

 Defendant’s investment in the nightclub was at risk due to its financial difficulties; there were numerous complaints about the club filed with the police; defendant’s liquor license was in jeopardy of being revoked; and there were no prospects of a sale. The fire alarm system was disabled; there was no evidence of a break-in prior to the fire; and valuable property was removed shortly before the fire. Defendant hid the lighting system at his house and elsewhere and lied about the “destruction” of that system in the fire.
 

 Defendant has offered myriad innocent explanations or inferences that could be drawn by a jury to counter this evidence. That, however, is not the legal standard by which this Court is bound for reviewing a sufficiency of the evidence appeal
 
 (see, People v Cabey, supra).
 
 The evidence is legally sufficient to sustain the conviction.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 
 *700
 
 Chief Judge Kaye and Judges Bellacosa, Smith, Ciparick and Rosenblatt concur; Judge Levine taking no part.
 

 Order affirmed.
 

 *
 

 A person is guilty of arson in the second degree when he intentionally damages a building or motor vehicle by starting a fire, and when (a) another person who is not a participant in the crime is present in such building or motor vehicle at the time, and (b) the defendant knows that fact or the circumstances are such as to render the presence of such a person therein a reasonable possibility (Penal Law § 150.15).