Patterson, J.,
concurs in part and dissents in part in the following memorandum: I concur with the majority opinion insofar as it reverses the conviction for endangering the welfare of a child. However, in my opinion, based on the particular facts herein, the People failed to establish the elements of criminal possession of a weapon in the fourth degree by legally sufficient evidence proving guilt beyond a reasonable doubt.
The People’s case regarding the gun possession was based entirely on circumstantial evidence. Defendant’s coconspirator testified that two years prior to the incident, defendant told her that he purchased the gun, but she never saw the gun, either at the time of the alleged purchase or at any time thereafter. In addition, the People never established that the gun in the bedroom two years later was the same gun mentioned previously by the coconspirator. Moreover, the stereo speaker in which the gun was allegedly found did not belong to defendant, and the room was closed, albeit unlocked. Finally, defendant was never seen clearly with the gun because his brother only thought he saw what appeared to be the “barrel” of a gun on the day he looked into defendant’s room.
The standard of proof required by the People in a case such as this was set forth in People v Way (59 NY2d 361, 365) wherein it was held that:
“When a defendant’s conviction is based, as here, entirely upon circumstantial evidence of his guilt, it is subject to strict judicial scrutiny, not because of any inherent weakness in this form of evidence, but to ensure that the jury has not relied upon equivocal evidence to draw unwarranted inferences or to make unsupported assumptions (People v Kennedy, 47 NY2d 196, 201; People v Benzinger, 36 NY2d 29, 32). The well-settled standard of proof in such cases is that the facts from which the inference of defendant’s guilt is drawn must be ‘inconsistent with his innocence and must exclude to a moral certainty every other reasonable hypothesis’ (People v Bearden, 290 NY 478, 480; see, People v Cleague, 22 NY2d 363, 366).”
The standard for appellate review to determine whether the circumstantial evidence was legally sufficient to support the trial court’s finding is “whether after viewing the evidence in *805 the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt * * * ” (People v Grassi, 92 NY2d 695, 697). In my opinion, the evidence, when viewed in the light most favorable to the People, was insufficient to satisfy said standard of proof.
Scholnick, P.J., and Golia, J., concur; Patterson, J., concurs in part and dissents in part in a separate memorandum.