*350 OPINION OF THE COURT
A. Kirke Bartley, J.
The defendant was convicted by plea of robbery in the second degree. On October 25, 2000, she was sentenced to a determinate term of imprisonment of seven years. Justice Harold Beeler presided over the plea and sentence, and failed to sentence the defendant to any period of postrelease supervision (PRS). Nor is there any indication on the sentencing papers that a period of PRS was added to the seven-year sentence. Moreover, at no time during the plea or the sentence did Justice Beeler ever indicate that the defendant would be subject to a period of PRS after she was discharged from prison (see minutes of plea and sentence, attached to defendant’s motion papers as exhibits A, B). Nevertheless, as she approached her discharge date, the defendant was informed by the Department of Correctional Services (DOCS) that she was required to serve five years’ PRS. She was discharged from prison on December 1, 2006, and reached the maximum expiration date of her seven-year sentence on January 1, 2007 (see DOCS inmate information sheet, attached to defendant’s motion papers as exhibit E).
Despite having sustained no new arrests, on March 27, 2008, 15 months after the expiration of her seven-year sentence, the defendant was taken into custody on a parole violation. On April 1, 2008, her counsel filed a petition for a writ of habeas corpus on the defendant’s behalf in Bronx County Supreme Court. On May 6, 2008, Justice Dawson granted the petition, vacating the parole violation warrant. Implicit in Justice Dawson’s ruling was the recognition that the administrative imposition of PRS and the issuance of the parole warrant were improper because “the sentencing judge — and only the sentencing judge — is authorized to pronounce the PRS component of a defendant’s sentence” (Matter of Garner v New York State Dept. of Correctional Servs., 10 NY3d 358, 362 [2008]; see also People v Sparber, 10 NY3d 457 [2008]). Prior to the petition being granted, the People obtained an order to produce the defendant to New York County Supreme Court to have the defendant resentenced to a period of PRS. The matter was adjourned to May 13, 2008. In the meantime, the defendant was released from custody when the parole warrant was vacated on May 6, 2008.
On May 13, 2008, the defendant filed a motion opposing the People’s application to resentence the defendant to a period of postrelease supervision. The People thereafter filed a response *351 and the defendant filed a reply affirmation. The defendant contends that I lack jurisdiction to reopen the defendant’s case and resentence her to a greater sentence than that which was originally imposed and which she has already completely served. She further argues that the imposition of an increased sentence after the previously imposed sentence expired would violate her reasonable expectation of finality, her right to due process and the prohibition against double jeopardy under the federal and state constitutions (see US Const 5th, 14th Amends; NY Const, art I, § 6). The People contend that the original sentence was unlawful because Penal Law § 70.45 required that the defendant be sentenced to a period of PRS, and that accordingly I have jurisdiction to correct the unlawful sentence. They further argue that resentencing the defendant now would not violate the prohibition against double jeopardy even if the sentence is greater than that which was originally imposed. The following determination is based upon the equities in this case, after careful consideration of the papers submitted by both parties and the cases cited therein.
While the cases cited by the People stand for the general proposition that courts have the power to correct an illegal sentence, none of the cases address the exact issue presented here— whether I can resentence, and thereby increase the sentence of, this defendant who completed serving the entire originally imposed sentence 18 months ago. The People argue that the Court of Appeals in Garner explicitly held that the sentencing court can resentence a defendant under these circumstances when it stated “[o]ur holding here is without prejudice to any ability that either the People or DOCS may have to seek the appropriate resentencing of a defendant in the proper forum” (10 NY3d at 363 n 4). However, I agree with the defendant that the plain language of that footnote — specifically the use of the words “any ability” and “may have” — indicates that the Court was not prepared to reach the issue of whether it would be permissible to resentence a defendant who had already served her sentence. As the defendant points out, that ambiguity is in direct contrast to the Court’s holding in Sparber where the Court specified that when faced with a defendant who is still serving his sentence, and who on direct appeal challenges the legality of his sentence, the appropriate remedy is to remand for resentencing to correct the illegality (10 NY3d 457 [2008]).
This is not a situation like in Sparber, where the defendant is still incarcerated or where her case is on direct appeal. Nor is *352 she under the lawful supervision of parole. The defendant here served the entire sentence that was imposed upon her almost eight years ago and which expired 18 months ago. She has now spent a year and a half reestablishing ties within her community with the expectation that her criminal case, for which she accepted responsibility and served a lengthy prison sentence, was behind her. The addition now of five years of parole release supervision would substantially increase the defendant’s sentence and subject her to the possibility of several more years in prison. Under the circumstances of this case, where almost eight years have passed since the imposition of the original sentence, which has been fully served and has long since expired, “due process must in principle impose an outer limit on the ability to correct a sentence after the event” (DeWitt v Ventetoulo, 6 F3d 32, 36 [1st Cir 1993]). Based upon the defendant’s reasonable expectation that she would be free of any further sentence for this case, I find that increasing her sentence at this point would be in violation of due process (see Breest v Helgemoe, 579 F2d 95, 101 [1st Cir 1978] [“After a substantial period of time ( ) it might be fundamentally unfair, and thus violative of due process for a court to alter even an illegal sentence in a way which frustrates a prisoner’s expectations by postponing his parole eligibility or release date far beyond that originally set”]).
Indeed, “[subjecting the defendant to further punishment after the expiration of [her] prison term would implicate the double jeopardy provision of the United States Constitution” (People v Jamal Billups, Sup Ct, Queens County, Oct. 19, 2007, Roman, J., index No. 195/01 at 5, attached to defendant’s motion papers as exhibit G). Increasing the defendant’s sentence by resentencing her now to an additional five years’ PRS would constitute double jeopardy because the defendant has a reasonable expectation of finality in the maximum sentence originally imposed, and fully served, pursuant to her plea bargain (see People v White, 292 AD2d 158 [2002] [where defendant was improperly sentenced as a second violent felony offender for a crime that is not classified as a violent felony, defendant had a reasonable expectation of finality in the five-year term originally imposed, so the court could not modify sentence with a maximum term exceeding five years]; People v Campanella, 297 AD2d 642, 642-643 [2002] [resentence to 7 to 21 years violated the prohibition against double jeopardy because defendant established a legitimate expectation in the finality of his origi *353 nal maximum sentence of 18 years]; People v Trimm, 252 AD2d 673 [1998] [where defendant was originally sentenced to a term of imprisonment of 2V2 to 5 years, resentence to a term of 2 to 6 years violated the Double Jeopardy Clause because the defendant had acquired a legitimate expectation of finality in the maximum term of the original sentence. Sentence modified on appeal to a term of l2/s to 5 years]). The defendant’s expectation of finality arises not only because she completed the entire originally imposed sentence 18 months ago, but because the People’s statutory right to move to resentence her pursuant to CPL 440.40 (1) expired in October 2001 — one year after she was sentenced and almost seven years ago (compare United States v DiFrancesco, 449 US 117, 118 [1980] [where Congress specifically authorized the government to appeal the sentence, increase in sentence did not violate the Double Jeopardy Clause because “(u)nder such circumstances there can be no expectation of finality in the original sentence”]).
The cases cited by the People to support their argument that resentencing the defendant now would not implicate double jeopardy are distinguishable from the facts and circumstances in this case. In People v DeValle (94 NY2d 870 [2000]), the Court emphasized that the defendant “did not demonstrate on the record before us that he detrimentally relied on the illegal sentence in a way that could not be rectified by restoring him to his pre-plea status if he so desired” (id. at 872). The defendant here, in contrast, served the entire seven-year sentence that was originally imposed by Justice Beeler, which she completed 18 months ago. To suggest that she, like the defendant in De-Valle, has not detrimentally relied on her previously imposed sentence in a manner that could not be remedied by vacating her guilty plea, minimizes the expectation of finality that this defendant has after having completed her sentence and spending the past year and a half attempting to put this case behind her. Likewise, in People v Williams (87 NY2d 1014 [1996]), the Court upheld the defendant’s resentence to SVa to IOV2 years because it held that the defendant had no expectation of finality with respect to the lesser sentence because the record of the plea proceeding established that the Court indicated that the defendant could receive up to 15 years. Here, however, the minutes of the plea and sentencing demonstrate that at no time was the defendant ever informed by the Court that she would be subject to a period of PRS after she completed her prison term. Finally, in Bozza v United States (330 US 160 [1947]), the *354 Court upheld the addition of a fine to the defendant’s prison sentence five hours after the defendant was originally sentenced. There, the Court held that the principles of double jeopardy were not violated where the defendant had served part of his sentence and the resentence was during the same term of the court (id. at 166). In contrast, almost eight years have elapsed since the October 2000 term of the court in which Justice Beeler imposed the original sentence, and the defendant has since completed serving all of her sentence, which expired 18 months ago. Unlike the defendants in each of the cases cited by the People, there is no question that the defendant in this case has an expectation of finality in the original seven-year sentence which has long since expired.
Accordingly, the defendant’s motion is granted and the People’s application to resentence the defendant to a period of PRS is denied.