■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE HALL, Appellant. [870 NYS2d 148]—

Lahtinen, J. 

The factual background is set forth in our earlier decision, where we reversed defendant's conviction and remitted for a new trial (41 AD3d 880 [2007], *lv denied* 9 NY3d 876 [2007]). Briefly stated, defendant, on an evening in April 2005, allegedly attempted to burglarize a home on Cohoes Road in the Town of Colonie, Albany County, and then successfully burglarized another home on the same road. He was apprehended by police in the vicinity shortly after they received and responded to reports of the criminal conduct. Following retrial, he was convicted of burglary in the second degree and attempted burglary in the second degree. Defendant appeals.

Defendant challenges both the legal sufficiency and the weight of the circumstantial evidence upon which the verdict rested. "The standard of appellate review in determining whether the evidence before the jury was legally sufficient to support a finding of guilt beyond a reasonable doubt is the same for circumstantial and non-circumstantial cases—whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (*People v Grassi*, 92 NY2d 695, 697 [1999]; *see People v Richardson*, 28 AD3d 1002, 1003-1004 [2006], *lv denied* 7 NY3d 817 [2006]). When conducting weight of the evidence review on a case such as this one where a different verdict would not have been unreasonable, we "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (*People v Danielson*, 9 NY3d 342, 348 [2007]), while according deference "to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Romero*, 7 NY3d 633, 644 [2006] [internal quotation marks and citation omitted]).

The crimes occurred late at night in a residential neighborhood with little pedestrian traffic. The elderly resident of the home where defendant allegedly was attempting to enter a cellar window reported to police that she heard scratching on the window (which she thought might be a stray dog), she tapped

the window, and was startled to see a person wearing a light hooded sweatshirt and dark pants scurry away from the window. That window was discovered to have a piece of glass missing from it. Around the same time, a neighbor observed a person pushing a bicycle through the backyard area. Shortly thereafter, the alarm was tripped at a nearby house, where the owner was away, and damage later discovered at that house included, among other things, broken backdoor glass, the alarm system speaker torn off the wall, and a picture frame with broken glass. A tracking dog brought to the scene that evening followed a scent from the cellar window of the occupied home through the backyard and down the street toward the unoccupied home. The tracking was interrupted as police saw defendant, wearing clothes matching the reported description of the perpetrator and moving quickly through a yard to the rear of a house, where police confronted defendant as he was about to get on a bicycle. He became belligerent and aggressive. Police observed particles of glass on his face and clothing, and a broken piece of glass was found in defendant's pocket. Although the broken glass did not match glass taken by police from the scene, the police explained that glass samples were not taken for testing from all the items broken along the crime trail. Viewed most favorably to the People, the proof was legally sufficient (see People v Caslin, 249 AD2d 626, 627 [1998]). We have also independently weighed and considered the evidence in a neutral light, and are unpersuaded that the verdict is against the weight of the evidence (see People v Hunter, 55 AD3d 1052, 1053 [2008]; People v Thornton, 4 AD3d 561, 563 [2004], lv denied 2 NY3d 808 [2004]).

We find no reversible error in Supreme Court's denial of defendant's motion pursuant to CPL 240.20 in which he sought to preclude from evidence a photograph police took of the picture frame with broken glass. The broken picture frame was apparently discarded by someone cleaning the house for the owner. Prior to such time, the police did not remove the picture frame from the home or otherwise take control of it (see People v Hawes, 298 AD2d 706, 708 [2002], lv denied 99 NY2d 582 [2003]; People v Darling, 276 AD2d 922, 923 [2000], lv denied 96 NY2d 733 [2001]).

Defendant's contention that the prosecutor made improper comments during summation was not preserved for review by an appropriate objection (see People v Jones, 8 AD3d 897, 898 [2004], lv denied 3 NY3d 708 [2004]), and we decline to exercise our interest of justice jurisdiction with respect to this issue. The remaining arguments have been considered and are unavailing.

Cardona, P.J., Carpinello, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.