Mercure, J.P.
Initially, we reject defendant’s argument that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. Defendant notes that the People’s case was based entirely on circumstantial evidence, and asserts that the proof linking him to the burglary was insufficient. “[E]ven in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is ‘whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People’ ” (People v Hines, 97 NY2d 56, 62 [2001], quoting People v Williams, 84 NY2d 925, 926 [1994]). In our view, the evidence — although circumstantial — was compelling.
The People presented the testimony of the victims that one of them had arrived home for lunch to find that ladders in their house’s garage had been knocked over, the garage door had been opened, and jewelry, cash and a large quantity of coins were missing. The victims detailed the items taken and valued *1356 them at over $1,000. Although the victims’ house was set back 300 feet from the road, they found a McDonald’s receipt on the ground outside the house that showed a purchase made just after midnight on the morning of the break-in. After viewing a surveillance tape of the McDonald’s drive-thru, police investigator Nicholas Demuth was able to link the purchase to the driver of a vehicle belonging to Karen Pronti, defendant’s former girlfriend. Pronti identified defendant as the driver of the truck shown on the surveillance video, and testified that he had access to the keys for the vehicle. She further indicated that she had driven defendant to the neighborhood where the burglary occurred on the morning of the incident, dropped him off near the entrance to the victims’ driveway, and returned to pick him up an hour or two later. Finally, the People presented evidence that defendant used a CoinStar machine shortly after the burglary to cash in $135.05 in coins.
This evidence was sufficient to establish, beyond a reasonable doubt, defendant’s identity as the perpetrator, unlawful entry into the victims’ home and intent to commit a crime therein, as well as the value of the items taken (see Penal Law §§ 140.25 [2]; 155.30 [1]; People v Marmulstein, 6 AD3d 879, 880-881 [2004], lv denied 3 NY3d 660 [2004]). Moreover, although a different verdict would not have been unreasonable, after “weighting] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony,” we conclude that the verdict was not against the weight of the evidence (People v Bleakley, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]; see People v Brisson, 68 AD3d 1544, 1546-1547 [2009], lv denied 14 NY3d 798 [2010]; People v Hall, 57 AD3d 1229, 1230-1231 [2008], lv denied 12 NY3d 784 [2009]). Defendant attacks Pronti’s testimony as incredible, contending that she had a motive to lie due to discord in their prior romantic relationship. Appellate courts, however, must give “[g]reat deference” to the jury’s assessment of witness credibility (People v Romero, 7 NY3d 633, 645 [2006] [internal quotation marks and citation omitted]), and we find the jury’s determination that Pronti’s testimony was credible to be supported by the record.
Turning to defendant’s challenge to County Court’s Sandoval ruling, we note that the court permitted the People to inquire regarding only the most recent of defendant’s four prior attempted burglary or burglary convictions and did not permit impeachment of defendant based upon his prior conviction of driving while intoxicated. The court further limited the scope of inquiry by permitting the People to inquire into the details *1357 underlying the conviction only if defendant denied it. Inasmuch as a willingness to steal is recognized as particularly probative of credibility and the court properly weighed the probative value of the prior convictions against the risk of prejudice to defendant, we cannot say that the Sandoval compromise constituted an abuse of discretion (see People v Jones, 70 AD3d 1253, 1254-1255 [2010]; People v Gaston, 60 AD3d 1147, 1148 [2009]). The similarity of the prior crime did not mandate its preclusion (see People v Vasquez, 71 AD3d 1179, 1180 [2010], lv denied 14 NY3d 894 [2010]), and defendant’s assertion that a limiting instruction was required is unpreserved for our review (see People v Sturdevant, 74 AD3d 1491, 1494 [2010], lv denied 15 NY3d 810 [2010]).
Similarly lacking in merit is defendant’s argument that he was denied a fair trial due to the improper admission of prior bad acts and prosecutorial misconduct during summation. The Molineux rule provides that “evidence of uncharged crimes is inadmissible where its only relevance is to show defendant’s bad character or criminal propensity” (People v Agina, 18 NY3d 600, 603 [2012]); here the testimony challenged by defendant did not encompass any prior bad acts. The People’s elicitation of testimony that defendant was represented by a lawyer and that his picture was in a law enforcement database did not implicate him in any bad acts. Moreover, the prosecutor immediately stopped Pronti from testifying further when Pronti indicated that defendant had informed her that he had been in prison. Although that improper testimony was not stricken, defendant did not object and any error was harmless inasmuch as defendant testified that he had been in prison (see People v Echavarria, 53 AD 3d 859, 863 [2008], lv denied 11 NY3d 832 [2008]). Finally, with respect to the prosecutor’s comment in summation, defendant’s objections are unpreserved and corrective action in the interest of justice is unwarranted inasmuch as the challenged statements generally constituted fair comment on the evidence or were made in response to defense counsel’s summation, “and the few improper comments were not so pervasive or flagrant as to require reversal” (People v McCall, 75 AD3d 999, 1002 [2010], lv denied 15 NY3d 894 [2010]; see People v Head, 90 AD3d 1157, 1158 [2011]; People v Barber, 13 AD3d 898, 900-901 [2004], lv denied 4 NY3d 796 [2005]).
Defendant’s remaining arguments have been considered and found to be lacking in merit. Nevertheless, inasmuch as we reverse the conviction upon which concurrent sentences were imposed (People v Fomby, 103 AD3d 28 [2012]), we remit for resentencing.
*1358 Rose, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.