OPINION OF THE COURT
Mercure, J.P
In October 2009, police investigator Nicholas Demuth applied for a warrant to take a buccal swab from defendant, who was incarcerated and suspected of committing multiple burglaries. One of the victims of the burglary at issue in this case, which took place in the Town of Elmira, Chemung County, found spots of blood on a blanket, bed skirt and robe after the break-in. Demuth sought to compare defendant’s DNA to that in the blood stain evidence from the victims’ home. The People concede that the search warrant application was made without notice to defendant, and that there were no exigent circumstances that prevented notice. Nevertheless, County Court issued the search warrant, and the buccal swab was administered on the same day.
Thereafter, defendant was charged in an indictment with one count of burglary in the second degree and one count of grand larceny in the third degree. County Court denied his subsequent motion to suppress the DNA evidence and, following trial, he was convicted as charged. Defendant was sentenced, as a persistent felon, to an aggregate term of 20 years to life in prison. The sentence imposed on this conviction was set to run concurrently with that imposed on a separate conviction (People v Fomby, 101 AD3d 1355 [2012] [decided herewith]). Defendant appeals and, because we conclude that the DNA evidence should have been suppressed, we now reverse.
“The overriding function of the Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the State” (Schmerber u California, 384 US 757, 767 [1966]). Therefore, a search warrant authorizing an intrusion into the human body for the purpose of obtaining corporeal evidence, such as bodily fluids for DNA analysis, is subject to the constraints of the Fourth Amendment (see id. at 767-768; Matter of Abe A., 56 NY2d 288, 295-299 [1982]; People v Smith, 95 *30 AD3d 21, 24-26 [2012]; People v Sterling, 57 AD3d 1110, 1111 [2008], lv denied 12 NY3d 788 [2009]; see also Nicholas v Goord, 430 F3d 652, 656 n5 [2005], cert denied 549 US 953 [2006]). Pursuant to the guidelines established by the Court of Appeals for the collection of corporeal evidence, a search warrant may issue if “the People establish (1) probable cause to believe the suspect has committed the crime, (2) a ‘clear indication’ that relevant material evidence will be found, and (3) the method used to secure it is safe and reliable” (Matter of Abe A., 56 NY2d at 291; accord People v Pryor, 14 AD3d 723, 725 [2005], lv denied 6 NY3d 779 [2006]). In addition, the court issuing the warrant “must give careful consideration to the circumstances of the particular case . . . [, including] the probable worth of the evidence to the investigation” (Matter of Abe A., 56 NY2d at 298).
Particularly relevant here, if there is “no exigency, . . . [then] frustration of the purpose of the application is not at risk” and, in that case, “it is an elementary tenet of due process that the target of the application be afforded the opportunity to be heard in opposition before his or her constitutional right to be left alone may be infringed” (id. at 296 [citations omitted]). As noted above, the People concede that there were no exigent circumstances here. Inasmuch as the buccal swab used to obtain the DNA sample “involved an invasion of defendant’s personal dignity [and] intrusion into his body, procedural due process . . . required notice” (People v Smith, 86 AD2d 251, 254 n [1982]; see People v Smith, 95 AD3d at 25-26; People v Latibeaudierre, 174 Misc 2d 60, 61 [1997]; cf. People v Sterling, 57 AD3d at 1111-1112). Given the People’s further concession that such notice was not provided to defendant, the DNA evidence must be suppressed and reversal is required.
Defendant’s remaining arguments are rendered academic by our decision.
Rose, Kavanagh, Stein and Egan Jr., JJ., concur.
Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this Court’s decision.