Andrias, J.,
dissents in part in a memorandum as follows: In March 2008, defendant was convicted, after a jury trial, of rape in the first degree, sexual abuse in the first degree, sexual misconduct, and endangering the welfare of a child based on allegations that, on May 18, 1998, he engaged in sexual intercourse with a six-year-old child who was staying with his family while her parents were away. Defendant was acquitted of course of sexual conduct against a child in the first degree.
Defendant was originally sentenced, as a first felony offender, to concurrent determinate prison terms of 20 years for the first-degree rape charge, seven years for the first-degree sexual abuse charge, and one year for each of the misdemeanor charges. The determinate sentences imposed on the felony counts were illegal and defendant was resentenced to an aggregate term of 10 to 20 years.
The case turned largely upon the credibility of the victim, whose parent reported the alleged sexual abuse to the police in 2007. Although a different verdict would not have been unreasonable, I agree with the majority that this is not an appropriate case to substitute our credibility determinations for those made by the jury and that none of the arguments raised by defendant warrants reversal of his convictions. However, I believe that the sentence of 10 to 20 years, the maximum available at defendant’s resentencing (see People v Spears, 228 AD2d 193 [1st Dept 1996]), is unduly harsh under the particular circumstances of this case.
Defendant is 53 years old. He has no prior criminal record and had otherwise lived a law abiding life. Born into poverty in the Dominican Republic, he became a lawful resident of the United States and the successful owner of an automobile repair shop in New York with six employees. While defendant left school in the 8th grade to help support his family, he put his two children through college. Numerous family members, community members and customers submitted letters on defendant’s behalf attesting to his good works. Defendant will be deported and barred from the United States after he completes his sentence, at which time he will most likely be in his 60’s (see People v Marra, 96 AD3d 1623, 1627 [4th Dept 2012] [“We agree with defendant, however, that, in light of his age, his lack of a prior criminal record and other mitigating circumstances, the sentence of a determinate term of incarceration of 18 years (for *432 first-degree rape) followed by 15 years of postrelease supervision is unduly harsh and severe”], affd 21 NY3d 979 [2013]).
While the People argue that defendant’s sentence was fair and proper, I note that prior to trial the People had offered defendant a plea to second degree rape, a class D felony, with a probationary sentence. Through jury selection, the People continued to offer a 10 year probationary sentence, with a plea to either first-degree sexual abuse or second-degree rape (see People v Cruz, 41 AD3d 893 [3d Dept 2007], lv denied 10 NY3d 933 [2008]).
Accordingly, I dissent in part and as a matter of discretion in the interest of justice would reduce defendant’s sentence to an aggregate term of 6 to 12 years, which appropriately takes into account the abhorrent nature of his conduct.